**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Joseph BENCHIMOL,**
**Defendant-Appellant.**

**No. 81–4689.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 12, 1984.

Decided July 24, 1984.

Scott Russell Barnett, San Diego, Cal., for plaintiff-appellee.

Joseph Russoniello, Robert Feldman, Asst. U.S. Attys., San Francisco, Cal., for defendant-appellant.

Before WALLACE, HUG and FERGUSON, Circuit Judges.

FERGUSON, Circuit Judge:

Joseph Benchimol appeals the denial of his motion brought under Fed.R.Crim.P. 32(d) and 28 U.S.C. § 2255 to withdraw his guilty plea of mail fraud or in the alternative to vacate his sentence and be resentenced to time served. We hold that the government's failure to state its recommendation clearly and to express the justification for the sentence it had agreed to recommend constituted a breach of its duty under the plea agreement.

## FACTS

Joseph Benchimol mailed applications to obtain credit cards using false names and false information. He then purchased merchandise using the credit cards, but failed to make payments. In 1976, the United States Postal Service issued a complaint. Benchimol was charged with one count of violating 18 U.S.C. § 1341 (mail fraud). Benchimol agreed to plead guilty. The government concedes that in exchange for the guilty plea it promised to recommend probation with restitution. However, at the sentencing hearing, the presentence report incorrectly stated that the government would stand silent. Benchimol's counsel informed the court that the government instead recommended probation with restitution. The Assistant United States Attorney then stated: "That is an accurate representation."

## DISCUSSION

A postsentencing motion to withdraw a guilty plea is directed to the discretion of the trial court, and may be granted only to correct manifest injustice. Fed.R.Crim.P. 32(d); *Pinedo v. United States,* 347 F.2d 142, 147 (9th Cir.1965), *cert. denied,* 382 U.S. 976, 86 S.Ct. 547, 15 L.Ed.2d 468 (1966). The district court's discretion is guided by the rule announced in *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), that when a guilty plea "rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the

inducement or consideration, such promise must be fulfilled." *Id.* at 262, 92 S.Ct. at 499.

Here, it is undisputed that the government agreed to recommend probation with restitution. If the government was not fully convinced that the recommendation was justified, it should not have entered into the plea agreement. Having done so, the government owed a duty to state its recommendation clearly to the sentencing judge and to express the justification for it. Benchimol had every right to expect this in exchange for his plea of guilty. A perfunctory statement of the recommendation can easily leave the impression that the government is unconvinced that the recommendation is appropriate or even that it tacitly disfavors the recommendation. Here the government made less than a perfunctory recommendation to the sentencing judge; it made a single remark at the sentencing hearing agreeing with Benchimol's counsel's correction of the presentence report. Even this remark was ambiguous. Benchimol's counsel's statement that the government *recommended* probation with restitution could have been interpreted as a statement of past intent of the government. Moreover, the introduction of the erroneous presentence report stating that the government would stand silent enhances the impression that the government had withdrawn from its earlier support of probation with restitution. The government made no effort to explain its reasons for agreeing to recommend a lenient sentence but rather left an impression with the court of less-than-enthusiastic support for leniency.

We hold that when the government undertakes to recommend a sentence pursuant to a plea bargain, it has the duty to state its recommendation clearly to the sentencing judge and to express the justification for it. The government's failure to honor its promise under a plea bargain entitles a defendant to relief when he has relied on that promise. In so ruling, we adopt the position taken by the other circuits which have considered the issue.

In *United States v. Grandinetti*, 564 F.2d 723 (5th Cir.1977), the government agreed to recommend a five year sentence on a probation violation charge to run concurrently with sentences recommended on other charges. At the probation revocation hearing, a new attorney represented the government. Rather than actively advocating the government's agreed position on sentencing, that attorney expressed his personal reservations about the terms of the agreement. On appeal, the court remanded for resentencing, holding that the defendant did not receive the benefit of his bargain—a forceful and intelligent recommendation for concurrent sentences. *Id.* at 727. The court explained that

> It can not be seriously contended that in entering this plea agreement, the defendant did not have every right to expect that in exchange for his guilty plea the government would *strongly* recommend the agreed to sentence. This expectation was certainly an "inducement or consideration" for the plea, and, thus, if the agreement was not fulfilled, the defendant would be entitled to relief. This is so regardless of whether the failure of the government to strongly advocate the agreement had any effect on the sentencing judge. Judge Roettger in this case articulated very persuasive reasons why he was not following the plea agreement, but the sentence must nevertheless be vacated if the agreement was not kept because the defendant offers his plea not in exchange for the actual sentence or impact on the judge, but for the prosecutor's statements in court. If these statements are not adequate (as opposed to successful), then the agreement has not been fulfilled....

*Id.* at 726 (citations omitted).

Likewise, on similar facts, the Fourth Circuit in *United States v. Brown*, 500 F.2d 375 (4th Cir.1974), reversed and remanded for resentencing on the ground that the government had failed to keep its bargain. The court stated:

> We have no occasion to consider the propriety of sentence, or recommendation as to sentence, as an element of a plea bargain, but it is manifest that the consideration which induced defendant's guilty plea was not simply the prospect of a formal recitation of a possible sentence, but rather the promise that an Assistant United States Attorney would make a *recommendation* on sentencing. This could reasonably be expected to be the sound advice, expressed with some degree of advocacy, of a government officer familiar both with the defendant and with his record and cognizant of his public duty as a prosecutor for the United States.

> Undoubtedly the district court had this understanding of the role of an Assistant United States Attorney at sentencing when he sought the prosecutor's recommendation. Certainly he was entirely correct in inquiring into the basis of the recommendation to aid him in the exercise of his sentencing discretion. Whether the prosecutor's halfheartedness in presenting the recommendation was a factor in the district court's imposing a sentence more severe than that "recommended" is a matter into which we need not inquire.

*Id.* at 377.

■ The appropriate remedy for the government's breach of a plea agreement is within the discretion of the court depending on the particular circumstances of each case. *Santobello*, 404 U.S. at 263, 92 S.Ct. at 499; *United States v. Garcia*, 698 F.2d 31, 37 (1st Cir.1983). We remand for resentencing, at which time the government will comply with its plea bargain by clearly stating its recommendation of probation with restitution and the reasons why it believes that sentence is appropriate. Benchimol is entitled to be resentenced before a different judge. *Santobello*, 404 U.S. at 263, 92 S.Ct. at 499.

REVERSED AND REMANDED.

WALLACE, Circuit Judge, dissenting:

In recommending a sentence as part of a plea bargain, the prosecutor must effectively communicate the government's firm

position to the sentencing judge. The Assistant United States Attorney did exactly that in Benchimol's case. As the district judge later stated:

It was perfectly apparent to everybody present that the government was recommending probation and that I took that into account, as I said that I would, at the time of the entry of sentence.... I do remember the occasion, and on reviewing the presentence report I remembered the circumstances, and there was no doubt in my mind at that time that everyone was in perfect understanding of what the position of the United States was and of the fact that I was disregarding it in that case.

Though Benchimol got what he bargained for, the government's clear recommendation of probation to the sentencing judge, the majority would set aside the sentence. Neither law nor logic requires this strange result and I therefore dissent.

First, the majority focuses on the wording and the length, or perhaps the volume, of the government's recommendation. Following common practice, the Assistant United States Attorney allowed integration into the presentence report of his consideration for the plea bargain. His recommendation of probation was unqualified; but, because of a mistake in the probation office, the presentence report did not accurately reflect this firm position. Benchimol's counsel noticed the mistake and brought it to the court's attention. Because she used the word "recommended," the majority finds the government at fault.

Second, I find the majority's reliance on *United States v. Grandinetti*, 564 F.2d 723 (5th Cir.1977), and *United States v. Brown*, 500 F.2d 375 (4th Cir.1974), unpersuasive. In both cases the government failed to fulfill its obligation not because it agreed with the advocacy of defense counsel, as happened in Benchimol's case, but because the prosecutors expressed open distaste for the plea bargains. *See United States v. Grandinetti*, 564 F.2d at 725 (the government attorney said of the plea bargain "I have very serious problems with that ....

I'm not too sure of the legality of it nor the propriety ...."); *United States v. Brown*, 500 F.2d at 377 (the government attorney said of the plea bargain "I do have some problems with that, anyhow, but that is the way I understand it."). In addition, although those cases contain some stray language involving a governmental responsibility to "strongly advocate" the plea bargain or to express "some degree of advocacy," the majority opinion, properly I suggest, has not adopted such a rule for government prosecutors. Neither the Supreme Court nor professional standards, *see* Model Code of Professional Responsibility, EC 7–1, imposes the duty of zeal an advocate owes to his client on the prosecutor fulfilling a bargain, nor could they. The defendant is not the prosecutor's client.

In arguing for a sentence of probation with restitution, Benchimol's lawyer pointed out the mistake in the presentence report and said the government, too, "recommended there be probation with restitution in this case." The government's counsel concurred: "That is an accurate representation." He agreed with her position; he did not undercut it or express distaste for the plea bargain.

I believe performance of a plea bargain requires the government to convey the promised recommendation to the sentencing judge without qualification. Although *Jones v. United States*, 423 F.2d 252, 256 (9th Cir.), *cert. denied*, 400 U.S. 839, 91 S.Ct. 79, 27 L.Ed.2d 73 (1970), requires both the prosecution and defense fully to disclose both the terms of a plea bargain and the circumstances under which it was reached, we imposed this requirement to insure the voluntary nature of the plea. It does not require the prosecution to express its "justification" for the bargain to the court unless asked. *Cf. United States v. Gallington*, 488 F.2d 637, 640 (8th Cir. 1973), *cert. denied*, 416 U.S. 907, 94 S.Ct. 1613, 40 L.Ed.2d 112 (1974) (requiring that judges have the parties "set forth in detail" the reasons for reaching the plea agreement). Here, the district court found such

extended inquiry unnecessary. The government performed properly. No one was misled. I would therefore affirm.