UNITED STATES of America, Appellee,

v.

David S. HAYES, Appellant.

David S. Hayes, Appellant.

No. 91–3152.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Aug. 9, 1991.

Decided Oct. 8, 1991.

Thomas W. Corbett, Jr., U.S. Atty., Bonnie R. Schlueter, Paul J. Brysh, Pittsburgh, Pa., for appellee.

Thomas A. Livingston, Pittsburgh, Pa., for appellant.

Before MANSMANN and ALITO, Circuit Judges, and NEALON, District Judge.*

OPINION OF THE COURT

NEALON, District Judge.

The appellant, David S. Hayes (Hayes), contends the government breached its plea agreement with him wherein it was stated that the government would not recommend a specific sentence. We agree and will vacate the sentence and remand for further proceedings.

I.

On December 3, 1990, Hayes entered guilty pleas in the United States District Court for the Western District of Pennsylvania to Counts One, Two, Three, and Six

* Honorable William J. Nealon, Jr. of the United States District Court for the Middle District of

of an Indictment. Count One charged him with conspiracy to cause persons to travel in interstate commerce for purposes of criminally sanctioned sexual activity in violation of 18 U.S.C. § 371, Count Two with knowingly transporting an individual under the age of 18 in interstate commerce for the purpose of prostitution in violation of 18 U.S.C. § 2423, Count Three with knowingly and intentionally possessing with the intent to distribute less than 50 kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1), and Count Six with knowingly and intentionally distributing controlled substances at his residence, thereby subjecting the real property to forfeiture to the United States pursuant to 21 U.S.C. § 853(a). He was sentenced to 54 months of imprisonment under Count One, 36 months of imprisonment under Count Two to run consecutively with Count One, and 24 months of imprisonment under Count Three to run concurrently with Counts One and Two. On Count Six, the court ordered that Hayes' residence and real property be forfeited to the United States.

In this appeal, Hayes challenges the validity of his sentencing contending that: (1) in its Sentencing Memorandum, as well as in oral statements during the sentencing, the government breached that portion of the plea agreement in which it agreed not to recommend a specific sentence; (2) the district court erred in its application of Sections 2G.1.1 and 2G.1.2 of the Sentencing Guidelines; (3) the failure of the district court to consider appellant's diminished capacity as a mitigating factor in determining the applicable Sentencing Guideline was clearly erroneous; (4) no factual basis existed in the record to support his guilty pleas to Counts One and Two; and (5) the forfeiture of the property located in Fairview, Pennsylvania, was improper because the appellant did not own the property at the time the offenses occurred. Inasmuch as the case will be remanded because the plea agreement was breached, the remaining issues need not be addressed.

Pennsylvania, sitting by designation.

## II.

Briefly stated, the record indicates that sometime in 1985 Hayes began inviting individuals, at least one of whom was a minor, from Pennsylvania and Ohio, to his residence in Pennsylvania for "parties". During these occasions, he provided them with illicit drugs and encouraged them to engage in sexual acts with himself and others, while periodically videotaping these events. Hayes paid money to some of the individuals for their participation.

An indictment was returned by the Grand Jury on August 6, 1990, and, on December 3, 1990, Hayes and the United States Attorney executed a plea agreement [1] which stated in relevant part:

B. In consideration of and entirely contingent upon the foregoing, the United States Attorney for the Western District of Pennsylvania agrees to the following:

1. The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of David in the offenses charged in the Indictment and of any other matters relevant to the imposition of a fair and just sentence.

2. *The United States Attorney will make no recommendation as to the specific sentence that the Court should impose,* but will provide the United States Probation Office and the District Court with any and all information pertaining to sentencing, including but not limited to all relevant conduct.

(App. 21a) (emphasis supplied). This dispute essentially centers on the United States Attorney's promise to "make no recommendation as to the specific sentence that the Court should impose."

As previously noted, Hayes contests the advocation of sentence proffered in the "Government's Response to Defendant's Presentence Objections and Sentencing Memorandum" [hereinafter Government's Response] as well as statements made by the United States Attorney at the sentencing hearing. In the "Government's Response," it was written:

Therefore, the government advocates a sentence within the standard range of the guidelines as to Count One (a range of 57 to 60 months incarceration) and a lengthy period of incarceration on the nonguideline counts, along with whatever, psychological and/or psychiatric treatment the Court deems appropriate while the defendant undergoes that incarceration.

(Supp.App. 12–13). Likewise, at the sentencing hearing, the United States Attorney on two occasions attempted to influence the length of sentence imposed on Hayes by the district court. In opening his comments, he stated:

Your Honor, the first part of my address will be to emphasize to the Court the nature and seriousness of this offense. Let me make it perfectly clear, Your Honor, that this is a serious offense which, from the point of view of the Government, as mandated by the testimony and the facts gleaned from this investigation, that it mandates lengthy incarceration.

(App. 279a).

Near the end of his statement, he further remarked:

Therefore, Your Honor, in conclusion, based on the nature and seriousness of the crimes involved, the time period which this activity had persisted, and the fact that it wasn't an isolated incident, the fact that this incident and these incidents over the five year period had an impact on various individuals, and on our community at whole, and I would also cite to the Court that there really has not been any objective criteria to establish that any significant rehabilitation or progress has made an impact on Mr. Hayes.

Your Honor, as an advocate of the Government, I must try to insure that this activity would never happen again in our community. And that the citizens of this community be protected. The

---

1. Count One, involving a conspiracy from sometime in 1985 to February 1990, was the only count to which the Sentencing Guidelines would apply.

Government in essence, Your Honor, advocates for a lengthy term of incarceration, with the necessary and appropriate help mandated.

(App. 284a–285a).

### III.

■■■ This court identified the appropriate steps in analyzing a plea agreement in *United States v. Moscahlaidis*, 868 F.2d 1357, 1360 (3d Cir.1989):

> This case presents three questions, each with a different scope of review. First, what are the facts of the case, i.e., what are the terms of the agreement and the conduct of the government; second, whether the conduct of the government violated the terms of the plea agreement; and third, what is the appropriate remedy if the court concludes that a violation occurred. The facts of the case, if disputed, are determined by the district court and our review of those findings is limited to a clearly erroneous standard. (Citation omitted). Whether the government's conduct violates the terms of the plea agreement is a question of law and our review is plenary. (Citations omitted). As to the third question, the Supreme Court, in *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), concluded that once the court finds a breach of the plea agreement by the government the case must be remanded for either resentencing or withdrawal of appellant's guilty plea. Under these standards, we review this case.

■■■ We begin with the premise that the government must honor its bargain with the defendant.[2] *Moscahlaidis*, 868

F.2d at 1361 ("In this circuit, 'the government must adhere strictly to the terms of the bargain it strikes with defendants.' ") (quoting *United States v. Miller*, 565 F.2d 1273, 1274 (3d Cir.1977), *cert. denied*, 436 U.S. 959, 98 S.Ct. 3076, 57 L.Ed.2d 1125 (1978)). In the context of the plea bargaining process, a defendant is negotiating a plea which potentially may lead to a surrender of certain constitutional rights including a meaningful restriction of his liberty. Consequently, courts are compelled to scrutinize closely the promise made by the government in order to determine whether it has been performed. As articulated by the United States Supreme Court, "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello*, 404 U.S. at 262, 92 S.Ct. at 499. Therefore, the issue presented here is whether the government satisfied its commitment to Hayes.[3] *Moscahlaidis*, 868 F.2d at 1361. The doctrine that the government must adhere to its bargain in the plea agreement is so fundamental that "even though the government's breach is inadvertent and the breach probably did not influence the judge in the sentence imposed," due process and equity require that the sentence be vacated. *United States v. Martin*, 788 F.2d 184, 187 (3d Cir.1986) (citing *Santobello*, 404 U.S. at 262–63, 92 S.Ct. at 499).

Since the *Santobello* ruling, in which the Supreme Court held that a prosecutor must keep a promise made in a plea agreement,[4] this court has confronted the issue in sever-

---

**2.** The terms of the plea agreement and the conduct of the government are undisputed. What is disputed in this appeal is whether the government's conduct violated the terms of the agreement.

**3.** In making such a determination, the principles of contracts control. *Moscahlaidis*, 868 F.2d at 1361.

**4.** In *Santobello*, one prosecutor, in return for the defendant's plea of guilty, promised to make no recommendation as to sentence. A different prosecutor was present at the sentencing hearing and recommended to the court the maximum one year sentence. The sentencing judge,

before sentencing, stated that the prosecutor's recommendation did not influence him in any way, especially given the probation report disclosing the long criminal history of the defendant. The Supreme Court opined that neither the fact that the breach was inadvertent, nor that it did not influence the sentencing judge, was material. The Court ultimately held "that the interests of justice and appropriate recognition of the duties of the prosecution in relation to promises made in the negotiation of pleas of guilty will be best served by remanding the case to the state courts for further consideration." 404 U.S. at 262–63, 92 S.Ct. at 499.

al contexts. In *United States v. Crusco,* 536 F.2d 21 (3d Cir.1976), the government agreed to "take no position on sentencing" as consideration for the defendant's guilty plea. At the sentencing hearing, the defendant's attorney pleaded for leniency, commenting on the needs of defendant's family and observing that the defendant was in no position to deal with large quantities of drugs. The prosecutor responded by noting defendant's important role in organized crime and the danger he posed to the community. The defendant challenged this statement by the prosecution as a violation of its agreement to "take no position on sentencing." The government maintained that the remarks were simply a rebuttal of misrepresented facts. Also, since it was expressly declared that the sentencing decision was left to the judge, the government insisted that such a declaration would excuse any comments subsequently made. Lastly, it contended that its agreement merely referred to recommendations as to the terms of the sentence and did not compel the government to remain silent. In rejecting these justifications put forth by the government, this court held that the government's portrayal of the defendant as a major crime figure who would pose a threat to the community was a "transparent effort to influence the severity of [the defendant's] sentence." *Id.* at 26. As such, the government violated its covenant in the plea agreement not to take a position on sentencing. The court further admonished the government to be more precise in plea bargaining.

In a subsequent case, this court confronted the effect of language in a plea agreement wherein the government promised "to make no recommendation" as to the sentence to be imposed, but reserved its right to inform the court whether the defendant had cooperated. *United States v. Miller,* 565 F.2d 1273 (3d Cir.1977). In rebutting defense counsel's assertion at the sentencing hearing that the defendant cooperated with law enforcement officials and that the initial drug involvement of the defendant was induced by the police, the government noted the defendant's lack of cooperation and observed that a year-and-a-half had passed between the alleged inducement and the commission of the crime. This court made a distinction between the government's promise to "take no position" and its promise to "make no recommendation" and concluded that the latter statement by the government did not offend its agreement not to recommend a sentence. While an agreement to take no position as to sentencing may "require the prosecutor to stand mute in face of defendant's mitigating arguments[,]" *id.* at 1275, a promise to make no recommendation as to sentence is a lesser commitment and permits some latitude in the prosecutor to influence the sentence without actually commenting on the sentence itself. It was pointed out that, "[t]he difference between the two terms is elementary, for the promise not to recommend is narrow, speaking only as to the sentence to be imposed, whereas a promise to take no position speaks to no attempt at all to influence the defendant's sentence." *Id.* The government was again reminded of the "semantic pitfalls inherent in plea bargaining. Promises made must be fulfilled, not only in fairness to the accused and the public interests, but also to fulfill the requirements of justice." *Id.*

In *Moscahlaidis,* this court addressed a plea agreement containing the government's promise that it would "not take a position relative to whether or not a custodial sentence shall be imposed...." 868 F.2d at 1358. The government, however, reserved the right to inform the sentencing judge of "the full nature and extent of [the defendant's] activities with respect to this case ... [and] all other information, favorable or otherwise, in its possession relevant to the sentence[.]" *Id.* at 1359. The government used the following language to describe the defendant in its sentencing memorandum: "[the defendant's actions] evidence the depth of [his] greed and moral bankruptcy[;] ... [the defendant] cannot maintain even the air of irreproachable virtue with any degree of legitimacy[;] [the defendant] is not just a white-collar criminal ...[;] [t]his demonic pursuit demonstrates [the defendant's] utter contempt for the welfare of his fellow man." *Id.* It was held that the prosecutor's statements transgressed the plea agreement. The court again emphasized its holding that

when the government pledges to "take no position" relative to whether a custodial sentence should be imposed, it must strictly comply with that promise. *Id.* at 1363.

█ The factual situation presented to us is somewhat different from those recited in the previous cases.[5] Instead, it appears to settle between *Miller,* where the government's mere rebuttal of defense counsel's exculpatory statements was found not to offend the "make no recommendation" provision, and *Santobello,* wherein the Supreme Court held that the prosecutor's explicit endorsement of imposing the maximum term did violate the "make no recommendation" commitment. *See also Patrick v. Camden County Prosecutor,* 630 F.2d 206 (3d Cir.1980).

In the case *sub judice,* the government promised to "make no recommendation as to the specific sentence," and then, in its Sentencing Memorandum, expressly "advocate[d] a sentence within the standard range of the guidelines as to Count One (a range of 57 to 60 months incarceration) and a lengthy period of incarceration on the non-guidelines counts[.]" (Supp.App. 12–13). The identification of 57 to 60 months of incarceration to the exclusion of a shorter period of incarceration, probation, or a fine, clashes with the plain language of the agreement as well as with the defendant's request for probation.

The prejudice caused by the government's recommendation becomes even more striking when one considers the lower range of sentences that could have been imposed under the count to which the Guidelines were applicable (Count One). Hayes presented expert opinion evidence and aggressively sought a term of probation, as an alternative to imprisonment, through a departure from the standard sentencing range predicated on his diminished capacity defense.[6] In his Sentencing Memorandum, defense counsel made a detailed presentation in support of a request for a downward departure to a level in the guideline range that would permit a sentence of probation. (App. 167a–198a). Finally, at the sentencing hearing, the defendant's attorney specifically urged the district court to recognize the purported mitigating factors and impose a term of probation. (App. 307a–308a). Indeed, after objections to the Presentence Report were filed, the probation office conceded that an error had been committed in computing Hayes' total offense level and, by correcting it, reduced the guideline range to 51 to 60 months. The district court ultimately sentenced

---

5. Research has not revealed, nor have the parties identified, any cases which address this issue in this particular context. The most similar case comes from the Sixth Circuit. *See United States v. Brummett,* 786 F.2d 720 (6th Cir.1986). In *Brummett,* the government promised in the plea agreement "to refrain from recommending 'a specific period of incarceration or a specific fine' for the offenses." *Id.* at 722. The agreement, however, stated that " 'the government will inform the Court that it believes that these offenses are serious and that some period of incarceration, to be determined by the Court, is appropriate for each offense.' " *Id.* At the sentencing hearing, in response to a question from the court, the government replied:

We believe that the recommendations made by [defense counsel] are, in fact, too lenient and some period of incarceration, particularly more than six months, as recommended by the defense, is certainly appropriate. We would submit that a lengthy period of incarceration is appropriate in order to establish some deterrent value.

Again, Your Honor, the government is not going to make a specific recommendation as a part of the plea agreement. Our agreement

indicates, for Mr. Brummett, we would simply recommend that some period of incarceration be imposed.

*Id.* at 722–23. The Sixth Circuit Court of Appeals concluded that, although "[t]he word 'lengthy' clouds 'an otherwise clear picture,' " the defendant received the benefit of his bargain, but admonished " 'the government to avoid occasions for questioning of its meticulous adherence to the terms of a plea bargain.' " *Id.* at 723 (quoting *United States v. Bullock,* 725 F.2d 118, 119 (D.C.Cir.1984)).

We find this case to be clearly distinguishable. Unlike the instant case, the plea agreement in *Brummett* contained a clause permitting the government to inform the court that some period of incarceration was appropriate. Indeed, in that case, incarceration was also anticipated by defense counsel when he argued for a period of six months imprisonment. In the instant case, a similar clause did not exist. Also, Hayes' counsel did not suggest any lesser period of incarceration, but rather sought probation.

6. Defendant calculated his offense guideline level to be 4 or 6, which would provide an applicable sentencing range of 0 to 6 months. *See Brief of Appellant* at 18.

Hayes to 54 months of incarceration on Count I, which was less than that requested by the government. Obviously, the 57 to 60 month range urged by the government was more detrimental to the defendant than the broader range of 51 to 60 months recommended in the Presentence Report.

The government contends that its recommendation did not influence the sentencing judge because the Sentencing Guidelines restricted his discretion, thereby claiming that it was harmless. *Brief of Appellee* at 15–16. It maintains that seeking incarceration on Count I was not a recommendation for a specific sentence, because "a district court cannot sentence a defendant who falls within the Guideline range of 57 to 60 months to probation without a valid reason for making a downward departure." *Brief of Appellee* at 15. The plain answer to this position is that a defendant may, and in this instance did, suggest reasons and present evidence which, if accepted by the court, would permit a downward departure.

Furthermore, the argument that the sentencing judge could not be influenced by the government's comments was answered, in essence, in *Santobello* where the Supreme Court found that the sentencing judge's statement that the prosecutor's remarks did not influence him was irrelevant to whether the government breached its promise. The government's additional suggestion that "the agreement not to recommend a specific sentence can only be understood, with respect to Count One, as an agreement not to recommend a specific term of incarceration within the guideline range" must be rejected. *Brief of Appellee* at 15–16. If such a limited concession were intended, it should have been clearly stated in the agreement.

 In accordance with the above reasoning, we conclude that the plea agreement was breached by the government and Hayes' sentence must be vacated and the case remanded. Once remanded, the district court must determine whether the appropriate remedy is specific performance of the plea agreement or withdrawal of the plea. *Moscahlaidis,* 868 F.2d at 1357 (citing *Martin,* 788 F.2d 184; *United States v. American Bag & Paper Corp.,* 609 F.2d 1066 (3d Cir.1979)). If specific performance is elected, Hayes must be resentenced by a different judge as dictated by the Supreme Court in *Santobello,* 404 U.S. at 263, 92 S.Ct. at 499.[7] *See also United States v. Corsentino,* 685 F.2d 48, 52 (2d Cir.1982) ("Though the need for resentencing was caused entirely by the prosecutor and is not attributable to the sentencing judge, we conclude that ... compliance with the agreement is best insured by requiring resentencing before another district judge.")

## IV.

For the above reasons, the sentence will be vacated and the case remanded for further proceedings consistent with this opinion.

---

7. As to the other matters raised on appeal, such as the "coercion" and "profit" issues, a more focused consideration of, and reference to, the record may clarify or even eliminate these contentions. Consequently, the court will not comment on them at this time.