68 F.3d 482
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Martin PAEZ-REYNOSO, Defendant-Appellant.
 No. 94-50407.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 12, 1995.
Decided Oct. 6, 1995.
 
 1
 Before: HALL and LEAVY, Circuit Judges, and HOGAN,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Martin Paez-Reynoso ("Paez-Reynoso") appeals from his sentence, arguing that the government breached its plea agreement when it affirmatively requested the district court not to depart downward from the offense level recommended in the Presentence Report. The government justified its actions by referring to criminal conduct of Paez-Reynoso which it had learned of after entering into the plea agreement. The district court, noting the defendant's failure to be forthcoming concerning his full criminal record during plea negotiations, declined to depart downward[1] and accepted the total offense level recommended in the Presentence Report.
 
 
 4
 While the plea agreement was non-binding upon the district court and reserved for the court the question of Paez-Reynoso's criminal history category, the agreement provided that it "is not contingent in any way upon the outcome of any investigation, proceeding, or subsequent trial." We conclude that the information learned by the government after the plea agreement does not justify its position. See United States v. Fagan, 966 F.2d 1009, 1013 (9th Cir.1993) (government's mistake of fact, absent defendant's fraud or breach of agreement, does not relieve government of its obligations under the plea agreement). The government breached the plea agreement by failing to stand by its agreement to a 4-level enhancement and by opposing Paez-Reynoso's request for a downward departure.
 
 
 5
 Depending on the circumstances of the case, the government's breach of a plea agreement would lead us either to remand for resentencing or to allow the defendant to withdraw his guilty plea. United States v. Partida-Parra, 859 F.2d 629, 633 (9th Cir.1988). Paez-Reynoso has indicated that he does not desire to withdraw his plea, and citing Santobello v. New York, 404 U.S. 257, 263 (1971), requests us to remand to a different judge for resentencing. We have construed the holding of Santobello to require remand to a different judge in circumstances where specific performance of a breached plea agreement is ordered. United States v. Camper, No. 94-50197, slip op. 11813, 11818-19 (9th Cir. Sept. 18, 1995); see also United States v. Benchimol, 738 F.2d 1001, 1003 (9th Cir.1984), rev'd on other grounds, 471 U.S. 453 (1985) (per curiam). Paez-Reynoso is therefore entitled to be resentenced before a different judge.
 
 
 6
 We VACATE the sentence and REMAND with instructions that the government abide by the terms of the plea agreement.
 
 
 
 *
 The Honorable Michael R. Hogan, Chief United States District Judge for the District of Oregon, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 A downward departure from the 16-level enhancement provided by U.S.S.G. Sec. 2L1.2(b)(2) is permitted based on mitigating characteristics of the underlying offense. See United States v. Cuevas-Gomez, --- F.3d ----, ----, No. 94-30365, slip op. 9799, 9801-02 (9th Cir. Aug. 9, 1995)