UNITED STATES of America, Appellee,

v.

Tristan WOLFF, a/k/a Ashley Gabriel Caine, a/k/a Stanley James Osman, Appellant.

No. 96–3145.

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 11, 1997.

Decided Oct. 21, 1997.

---

William J. Garber, Washington, DC, appointed by the court, argued the cause and filed the brief for appellant.

Barbara E. Kittay, Assistant United States Attorney, Washington, DC, argued the cause for appellee, with whom Eric H. Holder, Jr., United States Attorney at the time the brief was filed, John R. Fisher, and Thomas C. Black, Assistant United States Attorneys, were on the brief.

Before: SENTELLE, HENDERSON and RANDOLPH, Circuit Judges.

Opinion for the court filed by Circuit Judge SENTELLE.

Opinion concurring in part and dissenting in part filed by Circuit Judge RANDOLPH.

SENTELLE, Circuit Judge:

Appellant, seeking review of the district court's judgment imposing a sentence of 84 months, alleges errors in enhancement, and in the denial of a three-level reduction for acceptance of responsibility. Appellant also argues that he is entitled to resentencing because the government breached its plea agreement with him. The government concedes the breach, but differs with the defendant as to its effect. Because we agree with the appellant that he is entitled to resentencing based on the government's breach of the plea agreement, we do not reach the other allegations of error but vacate the district court's judgment and remand for resentencing.

## I. BACKGROUND

An indictment of March 29, 1996, charged appellant Tristan Wolff with three counts of bank robbery in violation of 18 U.S.C. § 2113(a). On May 2, 1996, he entered into a written plea agreement with the government to plead guilty to two counts of bank robbery, in return for which the prosecution agreed, *inter alia*, that "the government will ... ask that [Tristan Wolff] receive full credit for acceptance of responsibility." On that date, he entered a plea of guilty in district court. The district court accepted the plea and continued the matter for sentencing. After the preparation of the Presentence Investigation Report, the case returned to court for sentencing on October 17, 1996. The court entered a sentence of 84 months incarceration, followed by 3 years of supervised release, reflecting an adjusted offense level of 28, computed from: (1) a base offense level of 20 (U.S.S.G. § 2B3.1); (2) 2 levels for the specific offense characteristic of taking the property of a financial institution (U.S.S.G. § 2B3.1(b)(1)); (3) 2 levels for "an express threat of death" (U.S.S.G. § 2B3.1(b)(2)(F)); (4) 2 levels for the second count of bank robbery (U.S.S.G. § 3D1.4);

and (5) 2 levels for "obstruction of justice" (U.S.S.G. § 3C1.1). The defendant requested a three-level decrease for "acceptance of responsibility" (U.S.S.G. § 3E1.1), which the sentencing judge denied.

Contrary to the plea bargain, the government not only did not join the defendant's request for full credit for acceptance of responsibility, but also specifically requested that the defendant be denied the three-point reduction for acceptance of responsibility and be given the upward adjustment for obstruction of justice that the district court ultimately awarded. Following sentencing, the defendant filed the present appeal, arguing that the district court erred: in enhancing the sentence for obstruction of justice without making sufficient findings on an adequate record to support that enhancement; in assessing an enhancement for threat of death; and in denying the three-level decrease for acceptance of responsibility. Anterior to his argument that the court erred in denying him credit for acceptance of responsibility, appellant argues that the government violated its plea agreement by arguing for that denial. On appeal, the government admits its breach of the plea agreement but argues that all other findings of the district court— that is, as to the enhancements—should be sustained and the case remanded solely for consideration of the effect of the breach. Appellant contends that the sentence should be vacated along with all antecedent findings and conclusions, and the case remanded for resentencing.

## II. ANALYSIS

■ On appeal, the United States, with commendable candor, confesses its failure to comply with the provision of its plea agreement with appellant to the effect that it would ask the sentencing judge to award him "full credit for acceptance of responsibility." The government's original willingness to join in that petition was no doubt occasioned by defendant's own commendable candor in admitting that he robbed the banks in question.[1] Unfortunately, as the presentence investigation unfolded, the government realized that Tristan Wolff had not evidenced similar candor as to much of anything else—for example, as to whether he was in fact Tristan Wolff.

Among other difficulties on this score, the fingerprints of Tristan Wolff matched those of one Lee James Anthony Kincaid, who had an "extensive criminal record" in the United Kingdom, with 9 criminal entries between 1976 and 1981. It further appears that at other times, the individual appearing before the court as Tristan Wolff wearing the fingerprints of Lee James Anthony Kincaid had used the names of Stanley James Osman and Ashley Gabriel Caine. He also supplied the probation officer conducting the presentence investigation with a radically different life history than he had supplied at other times to other authorities—and none of these histories found much support in public records. Apparently it was this deceptiveness, particularly the concealment of prior criminal history, that prompted the trial Assistant United States Attorney to argue against credit for acceptance of responsibility. Unfortunately, the United States made no attempt to set aside the plea agreement and begin again, but simply breached the agreement, as the government now admits.

The parties agree that appellant is entitled to relief. As the Supreme Court has long held, "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971). This leaves only the dispute as to what relief is appropriate. The government contends that we should leave all findings and rulings of the district court intact save the denial of credit for acceptance of responsibility and remand for further proceedings on that single subject. We disagree.

---

1. The commendability of his candor may be tempered a bit by the circumstances of his admission. It occurred immediately after he ran from the bank and asked directions from a nearby patrolman. The teller he had just robbed ran after him yelling that the bank had been robbed, and Wolff fled with stolen bank notes falling from his coat. Gov't App., tab C at 24.

The defendant bargained for a sentencing proceeding in which the trial judge would consider the government's recommendation for the downward adjustment in conjunction with all other factors in the case, not a proceeding in which all other factors are foreclosed against him before consideration of the government's recommendation. It may well be, as the government hypothesizes, that this factor would not change the trial court's decision on any other subject, but that is something we had best leave to the trial court. In *Santobello,* the leading case on this subject, the Supreme Court noted that it did not need to "reach the question whether the sentencing judge would or would not have been influenced" by the terms of the plea bargain had the government fulfilled its obligation. *Id.* Rather, the high court determined that the ultimate disposition of the case was best left "to the discretion of the [trial] court, which is in a better position to decide whether the circumstances of [the] case require . . . specific performance of the agreement" or withdrawal of the plea. *Id.* at 263, 92 S.Ct. at 499. The same is true here. Consistent with *Santobello* we must vacate the sentence and remand the matter for further proceedings in the trial court.

We must still consider one more question regarding the breadth of the relief. Appellant assumes that we must direct the reassignment of the case to a different judge upon remand. He bases this position on language of the Supreme Court in *Santobello:*

> The ultimate relief to which petitioner is entitled we leave to the discretion of the state court, which is in a better position to decide whether the circumstances of this case require only that there be specific performance of the agreement on the plea, *in which case petitioner should be resentenced by a different judge,* or whether, in the view of the state court, the circumstances require granting the relief sought by petitioner, *i.e.,* the opportunity to withdraw his plea of guilty.

*Id.* at 263, 92 S.Ct. at 499 (emphasis added).

Appellant, like many others, assumes this to create a general rule that when a plea agreement is breached, resentencing must automatically be assigned to a different judge. *See, e.g., United States v. McCray,* 849 F.2d 304, 306 (8th Cir.1988) (per curiam) ("The Supreme Court [in *Santobello*] instructs us that when the government breaches a plea agreement, the defendant is entitled to be resentenced by a different judge."); *United States v. Hayes,* 946 F.2d 230, 236 (3rd Cir.1991) ("If specific performance is elected, [defendant] must be resentenced by a different judge as dictated by the Supreme Court in *Santobello.*"). Indeed, we have previously expressed that same assumption. In *United States v. Pollard,* 959 F.2d 1011 (D.C.Cir.), *cert. denied,* 506 U.S. 915, 113 S.Ct. 322, 121 L.Ed.2d 242 (1992), we stated:

> Any breach of a promise that induced the guilty plea ordinarily entitles the defendant on direct review either to specific performance and resentencing before a different judge or to withdrawal of the guilty plea, as the court deems appropriate.

*Id.* at 1028 (citing *Santobello*).

However, that language in *Pollard* was plainly dicta. In *Pollard,* a proceeding under 28 U.S.C. § 2255, we denied relief altogether, so that any discussion of the available relief obviously did not constitute a dispositive holding in that case. Neither have we in any other decision ever passed on the question of whether *Santobello* requires resentencing before a different judge in every case, nor has the Supreme Court. Therefore, unless *Santobello* constitutes such a binding precedent, no precedent requires us to command such a reassignment. We hold that *Santobello* does not. Rather than expressing a holding, the language quoted above in its entirety mandates nothing. It merely sets forth the two options—specific performance or setting aside of the plea—available to the district judge. It then observes without accompanying reasoning that in the event of specific performance the petitioner in that case "should be sentenced by a different judge." That hardly amounts to the reasoned proclamation of a rule of general application.

At least two other Circuits have already reached the conclusion that a remand for resentencing based upon the breach of a plea agreement by the government does not re-

quire judicial reassignment. The Seventh Circuit in *United States v. Bowler*, 585 F.2d 851, 856 (7th Cir.1978), another case involving a breached plea agreement, concluded that "it is [not] necessary to have the resentencing before a different judge," without setting forth its reasoning for that conclusion. The Ninth Circuit has noted that "[w]here the government violates a plea agreement at sentencing, the usual remedy is a remand for resentencing." *United States v. Travis*, 735 F.2d 1129, 1132 (9th Cir.1984). But the *Travis* Court went on to observe, "[r]emand to a different judge is not the usual remedy, it is one reserved for 'unusual circumstances.' " *Id.* For this latter proposition, the Ninth Circuit relied on its earlier decision in *United States v. Arnett*, 628 F.2d 1162 (9th Cir.1979). In *Arnett*, the Ninth Circuit considering the same question, that is whether remand upon plea agreement breach need be to a different judge, concluded it did not.[2]

The *Arnett* court treated the remand the same as any other remand "when error is found in district court proceedings." *Id.* at 1165. We find that comparison apt. No one supposes that remands for resentencing after misapplication of the Guidelines, remands for rehearing after admission of improperly admitted evidence, or any of the other remands that can occur in the universe of criminal cases automatically require reassignment of the case. Indeed, in *United States v. Robin*, 553 F.2d 8 (2nd Cir.1977) (en banc) (per curiam), a case asserting allegations of error not involving breach of plea agreement but relied upon by the Ninth Circuit in *Arnett*, the en banc Second Circuit observed that such an unusual remedy is reserved for "unusual circumstances." *Id.* at 10. We are persuaded that the reasoning of the Ninth Circuit in *Arnett*, borrowed from the Second Circuit's reasoning in *Robin*, is sound and hold that *Santobello* does not require remand upon a breached plea agreement to be reassigned to a different judge.

Our conclusion that *Santobello* requires reassignment to a different district judge only in the unusual case, does not of course answer the question whether we should require it in this case. However, the reasoning of the Second Circuit in *Robin* assists us in discerning standards to apply.

█ As that court viewed the question, except in the obvious and limited category of cases in which personal bias requires recusal, *see* 28 U.S.C. § 144, the "principal factors" to be considered by a court of appeals in determining whether to direct reassignment to a different judge are:

(1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind the previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected,

(2) whether reassignment is advisable to preserve the appearance of justice, and

(3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.

*Id.*

We conclude that these factors are appropriate ones. As applied to this case, they do not require reassignment to a different judge. We are not remanding because of any error or misconduct on the part of the original trial judge. Indeed, the allegations of error by her, which we do not reach because of our disposition, are directed to rather technical application of the Guidelines and not to any "erroneous" factfinding, in a pejorative sense. *Cf. Robin*, at 10 ("Where the judge sits as the fact-finder, reassignment is the preferable course, since it avoids any rub-off of earlier error."). In fact, we do not lay the fault for this remand at her feet at all. Of course, she had been made advertent to the existence of the plea agreement at the time of the entry of the plea on May 2, 1996, but at the sentencing hearing, 5 and 1/2

---

2. The Ninth Circuit cases are not uniform on this subject. In *United States v. Camper*, 66 F.3d 229, 232 (9th Cir.1995), that court recognized an "apparent conflict" between *Travis* and *United States v. Benchimol*, 738 F.2d 1001, 1003 (9th Cir.

1984), which held, *citing Santobello,* that a defendant with whom the government had breached its plea agreement "is entitled to be resentenced before a different judge." ·

months and an unknown number of other cases later, no one called the breach of the agreement to her attention. Had the trial defense attorney—who, we note, was not the able counsel who represented Wolff before us—sought relief at that time, we have every reason to believe that the judge would have acted upon that request.

We therefore conclude that, on the record before us, we have no reason to believe that the sentencing judge would have "substantial difficulty" in putting out of her mind any previously expressed erroneous findings since she made no findings that we have held erroneous and we certainly do not conclude that she made any findings on evidence now rejected. Further, we see no reason to conclude that reassignment is "advisable to preserve the appearance of justice." On the other hand, there is reason to believe that reassignment would entail at least some waste and duplication, possibly out of proportion to whatever molecular gain there might be in preserving the appearance of fairness. We therefore conclude that none of the principal factors identified above warrants reassignment by this court in this case.

We caution that we do not intend to bind the hands of the trial judge. If she should conclude that reassignment is in order, obviously she retains the discretion to act upon that conclusion. We will not review the alleged errors set forth by appellant with regard to enhancements as we have no reason to do so at this time. We have already set aside the sentence. While it may be that the trial court will reach the same conclusions on remand, it may not. It may even be that appellant will be sufficiently satisfied with the new sentence to come before us no more. It may be that the plea agreement will be voided and the plea set aside. In any event, today's disposition is determined by the breached plea agreement without regard to the other matters and we need not decide those issues which will not affect the outcome.

*   The Court did say that it "need not reach the question whether the sentencing judge would or would not have been influenced had he known all the details of the negotiations for the plea." 404 U.S. at 262, 92 S.Ct. at 499. This seems to

### III. CONCLUSION

For the reasons set forth above we conclude that we must set aside appellant's sentence and remand for further proceedings consistent with this opinion. We leave to the district court the question of reassignment and such other matters not foreclosed above.

RANDOLPH, Circuit Judge, concurring in part and dissenting in part:

I would send the case back for resentencing before a different district judge.

The defendant did not come clean with the probation officer, but that was of no moment under this strange plea agreement. By its terms, the government's promise to speak in favor of a downward adjustment for the defendant's acceptance of responsibility did not depend on the defendant's telling the truth to the probation officer, or to the district court. The government did not uphold its end of the bargain and so my colleagues rightly conclude that the defendant must have another sentencing in which the government fulfills its obligation. The defendant is entitled to specific performance of the government's end of the plea bargain. *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 498–99, 30 L.Ed.2d 427 (1971). The only serious question is who should do the resentencing, the original district judge or a new one.

Like my colleagues, I cannot gather much guidance on the remedial question from *Santobello*. The first prosecutor promised Santobello not to recommend any particular sentence; a substitute prosecutor then urged the state judge to imprison Santobello for the maximum term. The judge ordered the maximum sentence in light of Santobello's long criminal history and said that the prosecutor's recommendation played no role whatever in his sentencing judgment. *See* 404 U.S. at 259, 92 S.Ct. at 497. If one took the judge at his word, sending the case back to him for resentencing would have been senseless.* And so the Supreme Court ordered any resentencing of Santobello to be done by

me a red herring. So far as I can tell, nothing in the plea agreement required either party to inform the judge of "the details of the negotiations." *See* 404 U.S. at 258, 92 S.Ct. at 496–97.

a different judge. I suppose this avoided making the prosecutor's breach a clear harmless error and preserved the possibility that Santobello might receive some benefit from the prosecutor's promised silence.

What carries the day for me is not the reasoning given for the *Santobello* remedy— there was none—or the remedy itself, which may have been prompted by the state judge's remarks, but the desirability of having a fixed rule in these cases, one easy to understand and easy to administer. Sending every defendant back to the original judge would, of course, be such a rule. But no one has urged it because there are some cases deserving of assignment to a new sentencing judge, a point on which all of us agree. I therefore come to the following position: in all cases in which the government breaches a plea agreement by doing something to influence the judge against the defendant in sentencing, the case should be remanded to a different judge for resentencing. (I would reserve an exception for breaches so harmless that we would not vacate the sentence, *see* Federal Rule of Criminal Procedure 52(a).)

The majority has a different approach. It wants to winnow out those cases not warranting reassignment on remand. This is to be done by applying another one of these multipronged "tests" in which the court of appeals balances imponderables—in other words, by applying no real test at all. The alternative I favor—always remanding to another judge—may not be a perfect solution. The new sentencing judge will probably learn of what the government said (but should not have said) at the initial sentencing and may have as much trouble keeping that information out of mind as would the original sentencing judge. The status quo thus may be impossible to restore fully. But at least we can make the attempt without trying to apply some standardless "standard."