# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 21-3056**

**September Term, 2021**

FILED ON: MAY 6, 2022

UNITED STATES OF AMERICA,
APPELLEE

v.

ANTONIO MORENO-MEMBACHE,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:13-cr-00134-5)

Before: WILKINS and WALKER, *Circuit Judges*, and RANDOLPH, *Senior Circuit Judge*.

## J U D G M E N T

This is an appeal from a sentence imposed by the United States District Court for the District of Columbia. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d).

We **AFFIRM** the district court's sentence.

\* \* \*

Moreno-Membache pleaded guilty to violating the Maritime Drug Law Enforcement Act, 46 U.S.C. §§ 70503, 70506(b), and the Controlled Substances Import and Export Act, 21 U.S.C. § 960(b)(1)(B), (b)(2)(G). He was charged with conspiring to "knowingly and intentionally distribute, and possess with intent to distribute" five kilograms or more of cocaine and 100 kilograms or more of marijuana "on board a vessel subject to the jurisdiction of the United States." R. Doc. 191, at 1 ¶ 1.

The U.S. Coast Guard seized the vessel – the *Mitsby* – off the coast of Panama in 2012. Although Moreno-Membache was not a member of the *Mistby*'s crew, "he was arrested and extradited to the United States after a joint investigation of the Colombian and United States

governments concluded that he was involved in the conspiracy that ultimately resulted in the *Mistby*'s failed journey." *United States v. Moreno-Membache*, 995 F.3d 249, 252 (D.C. Cir. 2021).

Moreno-Membache's offense carried a mandatory minimum ten-year sentence. *See* 46 U.S.C. § 70506(a), (b); 21 U.S.C. § 960(b)(1)(B). A statutory provision known as the "safety valve" provides that when imposing sentences for violations of 46 U.S.C. § 70506 and 21 U.S.C. § 960 – among other offenses – district courts "shall impose a sentence pursuant to [the sentencing] guidelines . . . without regard to any statutory minimum sentence, if the court finds at sentencing . . . that" five factors are met. 18 U.S.C. § 3553(f). One factor is that "the defendant did not . . . possess a firearm . . . in connection with the offense." *Id.* § 3553(f)(2); *see also* U.S.S.G. § 5C1.2(a)(2). Another is that the defendant was not a "supervisor of others in the offense." 18 U.S.C. § 3553(f)(4); *see also* U.S.S.G. § 5C1.2(a)(4).

In 2019, the district court found Moreno-Membache ineligible for safety-valve relief because he possessed a weapon in connection with his offense and because he was a supervisor. *See Moreno-Membache*, 995 F.3d at 254. On Moreno-Membache's appeal, we ruled that the government breached its plea agreement by arguing at sentencing that Moreno-Membache had a supervisory role in the conspiracy. *See id.* at 257. Because the district court "specifically tied" its determination that Moreno-Membache possessed a weapon in connection with the offense "to its . . . finding that [he] acted as a manager or supervisor," we "vacate[d] Moreno-Membache's sentence and remand[ed] for a new sentencing proceeding, untainted and uninfluenced by the government's breach of the plea agreement and the evidence it introduced in the process." *Id.* at 251, 257.

On remand, the district court again found that Moreno-Membache "possess[ed] a firearm . . . in connection with the offense," 18 U.S.C. § 3553(f)(2).[1] As a result, the court sentenced him to the same ten-year mandatory minimum term of imprisonment. The district court based its finding on the statements of two of Moreno-Membache's co-conspirators, as recounted by Special Agent Souchet of the Naval Investigative Service during Moreno-Membache's 2019 sentencing proceeding. Souchet testified that Luis Paredes, the *Mitsby*'s captain, said that he saw Moreno-Membache loading and unloading a pistol and placing it in his waistband at a *Mistby* planning meeting. Souchet also testified that Ivan Campaz-Riascos, a *Mitsby* crewmember, said that he saw Moreno-Membache with what looked like a pistol tucked into his waistband at the *Mitsby*'s launch site.

Moreno-Membache contends that by relying on evidence presented at his previous sentencing proceeding, the district court failed to follow this court's mandate in *Moreno-Membache*, 995 F.3d 249. According to Moreno-Membache, his "re-sentencing could only be 'untainted and uninfluenced' by the earlier evidence if . . . the district court considered only evidence presented at the new hearing." Appellant Br. 12 (quoting *Moreno-Membache*, 995 F.3d at 251). However, our

---

[1] The government contends that the district court erroneously placed the burden of proof on the government and that "it was Moreno-Membache who bore the burden to prove by a preponderance of the evidence that he *did not* possess a firearm in connection with the instant offense." Appellee Br. 12 n.2. We need not resolve who bore the burden. Whoever had the burden, the district court did not clearly err in finding that Moreno-Membache possessed a firearm in connection with his offense.

court did not require the district court to hold a new evidentiary hearing on remand. Instead we directed the district court to "make an independent determination regarding the firearm criterion" without considering evidence that Moreno-Membache played a supervisory or managerial role in the offense. *Id.* at 258. The district court followed that command. At Moreno-Membache's latest sentencing proceeding, the court found that regardless whether Moreno-Membache played a supervisory or managerial role in the offense, the testimony of his co-conspirators showed that he "was responsible for moving, storing, and protecting cocaine," and his possession of the firearm helped him fulfill that role. J.A. 134–35.

The district court's finding is not clearly erroneous. *See United States v. Erazo*, 628 F.3d 608, 611 (D.C. Cir. 2011). To support a finding that a firearm is possessed in connection with an offense, "the firearm need only facilitate, or have the potential of facilitating, the drug trafficking offense." *Id.* (internal quotation marks omitted). The district court did not clearly err in concluding that Moreno-Membache's possession of a firearm "facilitate[d]" his drug trafficking based on his co-conspirators' statements. *See id.* Moreno-Membache challenges the credibility of those hearsay statements. However, the district court did not abuse its discretion in finding the statements credible. *See United States v. Leyva*, 916 F.3d 14, 26 (D.C. Cir. 2019). The statements have an "indicia of reliability" because they were "mutually corroborative" of the fact that Moreno-Membache carried a firearm while fulfilling his drug-trafficking duties. *Id.* at 25–26 (internal quotation marks omitted).

Moreno-Membache next contends that the government violated its disclosure obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose Paredes's 2018 cocaine-trafficking conviction prior to the 2019 sentencing. But Moreno-Membache's appeal involves his latest sentencing, not the 2019 one. He admits that the government disclosed Paredes's conviction "approximately one week before" the latest sentencing proceeding. Appellant Br. 23. Thus, the government did not suppress any exculpatory evidence that could have impacted Moreno-Membache's sentence. *See United States v. Emor*, 573 F.3d 778, 782 (D.C. Cir. 2009). In fact, the district court explicitly considered the effect of Paredes's 2018 federal drug trafficking conviction on the credibility of his statement. *See* J.A. 131–34.

Moreno-Membache also argues that under *Santabello v. New York*, 404 U.S. 257, 262–63 (1971), "the interests of justice required that [his] resentencing should take place before a different judge" after this court "determined that the government had breached the plea agreement." Appellant Br. 15. There is no such requirement: "*Santobello* does not require remand upon a breached plea agreement to be reassigned to a different judge." *United States v. Wolff*, 127 F.3d 84, 88 (D.C. Cir. 1997). Indeed, we noted in *Wolff* that reassignment is only required "in the unusual case." *Id.* Moreno-Membache has not demonstrated that such an "unusual case" is present here.

For the reasons stated above, Moreno-Membache's sentence is affirmed.

\*   \*   \*

3

This disposition is unpublished.  *See* D.C. C<small>IR</small>. R. 36(d).  We direct the Clerk to withhold the mandate until seven days after any timely petition for rehearing or rehearing *en banc* is resolved.  *See* F<small>ED</small>. R. A<small>PP</small>. P. 41(b); D.C. C<small>IR</small>. R. 41(a)(1).

**<u>Per Curiam</u>**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk