[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 1, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15940
Non-Argument Calendar
_____

D. C. Docket No. 06-00042-CR-4-SPM-WCS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH LUCIOUS THOMAS, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(June 1, 2007)**

Before BIRCH, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Joseph Lucious Thomas Jr. appeals his sentence of 102 months of

imprisonment following his plea of guilty to mail fraud and identity theft. 18

U.S.C. §§ 1341, 1028A. Thomas contends that an argument of the government

regarding consecutive sentences breached the plea agreement. In that agreement,

the government promised not to recommend a specific sentence, but the

government reserved the right to "make arguments pertaining to the application of

the sentencing guidelines and the considerations set forth in Title 18, United States

Code, Section 3553(a)." In its sentencing memorandum, the government urged the

district court to give "serious consideration of the imposition of consecutive

penalties." Because the argument of the government did not breach the plea

agreement, we affirm.

## I. BACKGROUND

On August 1, 2006, Thomas was charged by information with one count of

mail fraud, 18 U.S.C. § 1341, and five counts of aggravated identity theft, 18.

U.S.C. § 1028A. Thomas waived indictment and entered a written plea agreement

with the government. The agreement forbade the government from recommending

a specific sentence, but allowed the government to advise the court about

sentencing considerations:

> The United States Attorney agrees not to recommend a specific
> sentence. However, the United States Attorney does reserve the right
> to advise the District Court and any other authorities of its version of
> the circumstances surrounding the commission of the offenses by

2

DEFENDANT, including correcting any misstatements by defendant or defendant's attorney, and reserves the right to present evidence and make arguments pertaining to the application of the sentencing guidelines and the considerations set forth in Title 18, United States Code, Section 3553(a).

Before the sentencing hearing, the United States Probation Office entered its presentence investigation report based on the United States Sentencing Guidelines. The presentence report calculated a Guidelines range of 24 to 30 months for the mail fraud count and 24 months for each of the five counts of identity theft. The Guidelines provided that the first 24-month sentence for identity theft run consecutive to the sentence for mail fraud, but provided the option of running each of the additional 24-month sentences consecutively.

The government filed a sentencing memorandum that described the facts of the offenses and the sentencing options available to the district court, and the government argued about the application of the sentencing factors in section 3553(a). The memorandum explained that Thomas's conviction was a violation of the terms of his probation for an earlier identity theft conviction, and the Guidelines provided that the sentences for the violation of probation and the latest offenses should run consecutively. The government argued that Thomas's "sentence must be adequately punitive in order to satisfy the sentencing factors of Section 3553(a)." In support of that argument, the government urged the district

court to impose at least some of the sentences consecutively:

> Given the discretion of the court to impose consecutive two year penalties on the Aggravated Identity Theft counts, it is not necessary for the Government to seek an above guideline sentence. However, in light of the above-referenced sentencing factors, the Government submits that a reasonable sentence should include consecutive sentences on some, if not all of the Aggravated Identity Theft counts. In an effort to impose adequate punishment for the defendant's crimes, the defendant should be sentenced within the prescribed range of 24-30 months imprisonment on count one and pursuant to the statutory mandatory provisions on the remaining counts with serious consideration of the imposition of consecutive penalties. Moreover, the sentence should be consecutive to the defendant's sentence on the violation of supervised release in his earlier case . . . .

Thomas moved to strike the sentencing memorandum of the government on the ground that it violated the terms of the plea agreement. The district court denied that motion and sentenced Thomas to 102 months of incarceration. That sentence consisted of 30 months for the mail fraud count; 24 months for the first identity theft count; 24 months for the next four identity theft counts, with those terms running concurrently to each other but consecutively to the sentences for mail fraud and the first identity theft count; and 24 months for the supervised release violation.

## II.  STANDARD OF REVIEW

We review de novo whether the government breached a plea agreement. United States v. Copeland, 381 F.3d 1101, 1104 (11th Cir. 2004).

4

## III.  DISCUSSION

The issue presented is whether the government breached the plea agreement when the government argued for some consecutive sentencing in its sentencing memorandum.  The government agreed "not to recommend a specific sentence," but reserved the right "to present evidence and make arguments pertaining to the application of the sentencing guidelines and the considerations set forth in Title 18, United States Code, Section 3553(a)."  A material promise by the government, which induces a defendant to plead guilty, binds the government to that promise. Santobello v. New York, 404 U.S. 257, 262, 92 S. Ct. 495, 499 (1971).  Whether the government violated the agreement is judged according to the defendant's reasonable understanding of the agreement when he entered the plea.  United States v. Rewis, 969 F.2d 985, 988 (11th Cir. 1992).  If the parties dispute the meaning of the agreement, we interpret the terms of the plea agreement based on objective standards.  Id.

Thomas contends that the argument of the government for consecutive sentences necessarily meant that the government was recommending a sentence in the range of 6 to 13 years of imprisonment, and Thomas contends that argument breached the plea agreement.  The government responds that its argument regarding the application of the Guidelines and section 3553(a) did not breach the

5

agreement. We agree with the government.

This Court has not determined whether a recommendation of consecutive sentences or a sentencing range amounts to a recommendation of a specific sentence. At least one of our sister circuits has held that a recommendation of a sentence within the Guidelines and a "lengthy" sentence for the non-Guidelines counts breached the promise of the government to "make no recommendation as to the specific sentence." United States v. Hayes, 946 F.2d 230, 232 (3d Cir. 1991). The Third Circuit concluded that an argument in favor of a range of incarceration recommended a specific sentence. Id.

Hayes is distinguishable. In Hayes, the government reserved the right to provide accurate information to the district court, but the government did not reserve a right to make arguments about sentencing considerations. In its agreement with Thomas, the government agreed not to recommend a specific sentence but reserved "the right to present evidence and make arguments pertaining to the application of the sentencing guidelines and the considerations set forth in Title 18, United States Code, Section 3553(a)." In contrast with Hayes, the government did not agree to make "no recommendation" about sentencing.

The government did not breach its agreement with Thomas. The arguments of the government in its sentencing memorandum and at the sentencing hearing

6

were within the rights of the government as expressly reserved in the plea agreement with Thomas. The government made arguments regarding the application of the Guidelines and the 3553(a) sentencing factors as applied to Thomas's conduct.

## IV.  CONCLUSION

Thomas's sentence is

**AFFIRMED.**