[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 15, 2008
THOMAS K. KAHN
CLERK

No. 08-11411
Non-Argument Calendar

_____

D. C. Docket No. 07-00107-CR-ORL-28-UAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICARDO ENRIQUE PERLAZA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(December 15, 2008)**

Before CARNES, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Ricardo Enrique Perlaza appeals his 37-month sentence, imposed following

his conviction on 1 count of possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). On appeal, Perlaza argues that the government breached his plea agreement by introducing post-arrest, incriminating statements he made in a proffer, which his plea agreement barred the government from introducing. He also argues that the district court erred in determining the amount of drugs for which he was responsible because it based the calculation on the post-arrest statements, which his plea agreement forbade the court from considering, and because the court made no finding that his actions were part of the same course of conduct or common scheme or plan as his offense of conviction. Based on our review of the record and the parties' briefs, we discern no reversible error.

## I.     Breach of Plea Agreement

We review whether the government beached a plea agreement de novo, but we review the district court's factual findings as to the scope of a plea agreement for clear error. United States v. Al-Arian, 514 F.3d 1184, 1191 (11th Cir.), cert. denied, (U.S. Oct. 6, 2008) (No. 08-137).

"A material promise by the government, which induces a defendant to plead guilty, binds the government to that promise. Whether the government violated the agreement is judged according to the defendant's reasonable understanding of the

2

agreement when he entered the plea." United States v. Thomas, 487 F.3d 1358, 1360 (11th Cir. 2007) (citation omitted).

Because the plea agreement does not reflect an agreement that the government could not use incriminating statements Perlaza had already made to state officers in calculating his guideline range, the government did not breach the plea agreement.

## II.    Drug-Quantity Determination

"We review a district court's determination of the quantity of drugs properly attributable to a defendant for clear error." United States v. Ryan, 289 F.3d 1339, 1347 (11th Cir. 2002). Objections to sentencing issues that are not raised in the district court are reviewed for plain error and can only be corrected if there is an error, that is plain, and that affects substantial rights. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005). If these criteria are met, a court of appeals has the discretion to correct the error, but "should" correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Olano, 507 U.S. 725, 736, 113 S.Ct. 1770, 1779, 123 L.Ed.2d 508 (1993) (quotation and alteration omitted). "Where errors could have cut either way and uncertainty exists, the burden is the decisive factor in the third prong of the plain error test, and the burden is on the defendant." Rodriguez,

398 F.3d at 1300.

To determine a defendant's offense level, a district court may consider "quantities of drugs not specified in the count of conviction."  U.S.S.G. § 2D1.1, comment. (n.12).  Under U.S.S.G. § 1B1.3(a)(2), the base offense level is to be determined based on acts "that were part of the same course of conduct or common scheme or plan as the offense of conviction."  U.S.S.G. § 1B1.3(a)(2); see also U.S.S.G. § 1B1.3, comment. (n.3) (providing that "multiple counts of conviction are not required for subsection (a)(2) to apply").  "For two or more offenses to constitute part of a common scheme or plan, they must be substantially connected to each other by at least one common factor, such as common victims, common accomplices, common purpose, or similar modus operandi."  U.S.S.G. § 1B1.3, comment. (n.9(A)).

Because Perlaza admitted in his plea agreement that he was involved in four other cocaine deliveries and because the government presented evidence that each delivery involved three kilograms of cocaine, the district court did not clearly err in determining that he was responsible for at least five kilograms of cocaine. Perlaza's argument – that the court failed to make a finding that his actions were part of the same course of conduct or common scheme or plan as his offense of conviction –  fails because the district court implicitly made this finding by

4

adopting the probation officer's drug quantity calculations and because the court was entitled to make this finding implicitly.  Accordingly, we affirm.

**AFFIRMED.**