[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 30, 2010
JOHN LEY
CLERK

No. 09-14597
Non-Argument Calendar
_____

D. C. Docket No. 08-20617-CR-ASG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EVELLA GRISBY JORDAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 30, 2010)

Before TJOFLAT, EDMONDSON and ANDERSON, Circuit Judges.

PER CURIAM:

On September 11, 2008, Evella Grisby Jordan pled guilty pursuant to a plea

agreement to Count 1 of an indictment which charged her and three others with conspiracy to traffic in unauthorized access devices with intent to defraud, in violation of 18 U.S.C. § 1029(a)(2). In the plea agreement, the parties agreed to recommend that the district court impose a sentence within the Sentencing Guidelines advisory sentence range and that the "court neither depart upward nor depart downward under the Sentencing Guidelines when determining the advisory sentencing guideline range." At sentencing, the Government, responding to Jordan's objection to the probation officer's presentence report recommendation that the base offense level be enhanced by two levels pursuant to U.S.S.G. § 3B1.1(c) because she was the organizer and leader of the conspiracy, argued that the enhancement was appropriate. The district court applied the enhancement and sentenced Jordan to a prison term of 37 months. She now appeals the sentence.

On appeal, Jordan argues that the Government breached the plea agreement when it adopted the probation officer's recommendation that the § 3B1.1(c) enhancement be imposed because the plea agreement prohibited the Government from requesting the court to "depart upward" from the Guidelines sentence range. She asserts that although "depart upward" is not defined in the plea agreement, the agreement contemplated all departures (including adjustments to the offense level) because it referenced departures "under the Sentencing Guidelines." Alternatively,

2

she argues that if we determine that the meaning of the term is ambiguous, we must resolve the ambiguity in her favor.

If the government makes a material promise that induces a defendant to plead guilty, the government must honor that promise. *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971). Whether a plea agreement contains the promise asserted is determined according to the defendant's reasonable understanding of the agreement on entering the guilty plea. *United States v. Rewis*, 969 F.2d 985, 988 (11th Cir. 1992). "If the parties dispute the meaning of the agreement, we interpret the terms of the plea agreement based on objective standards." *United States v. Thomas*, 487 F.3d 1358, 1360 (11th Cir. 2007) (*per curiam*).

When interpreting a plea agreement, a "hyper-technical reading of the written agreement" and "a rigidly literal approach in the construction of language" should be avoided. *United States v. Jefferies*, 908 F.2d 1520, 1523 (11th Cir. 1990). Additionally, the court should read the written agreement "against the background of the negotiations" and avoid interpretations that directly contradict on oral understanding between the parties. *Id.* Finally, if terms in the plea agreement are ambiguous, those terms must be read against the government. *Id.*

However, because plea agreements are like contracts, contract law principles

also apply when determining what the parties to the plea agreement intended the terms in the agreement to mean. *United States v. Rubbo*, 396 F.3d 1330, 1334 (11th Cir. 2005). Thus, where there is nothing to indicate that the parties indicated language to have a meaning other than its usual and ordinary meaning, the court should apply that meaning. *Id.* Additionally, in ordinary contract law, "technical terms are given their usual legal meaning." *Robin v. Sun Oil Co.*, 548 F.2d 554, 557 (5th Cir. 1977); *see also* Restatement (Second) of Contracts § 202(3)(b).

Here, the term "depart upward" should be given its usual and ordinary meaning in the context of sentencing under the Sentencing Guidelines. Therefore, because the leader and organizer offense-level adjustment the Government argued for does not fall within the definition of a departure, as that term is used in the Sentencing Guidelines context, the Government did not breach the plea agreement. Accordingly, we affirm Jordan's conviction and sentence.

AFFIRMED.