[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11480
Non-Argument Calendar

_____

D.C. Docket No. 3:11-cr-00028-TJC-TEM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PHIL BROWN,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 16, 2013)

Before TJOFLAT, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Phil Brown appeals following his conviction and 97-month sentence for

conspiracy to possess with intent to distribute 500 grams or more of cocaine, in

violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. On appeal, Brown argues that the government violated his plea agreement by failing to recommend, at sentencing, a post-enhancement guideline departure based on acceptance of responsibility. He claims that because the statutory enhancement nullified his acceptance of responsibility offense-level adjustment, the government was obligated to argue for a post-enhancement departure to ensure that he received the benefit of the plea agreement bargain. After careful review, we affirm.

Ordinarily, an argument that the government breached a plea agreement is reviewed de novo. United States v. De La Garza, 516 F.3d 1266, 1269 (11th Cir. 2008). However, where, as here, a defendant fails to object to an alleged breach before the district court, we review only for plain error. United States v. Romano, 314 F.3d 1279, 1281 (11th Cir. 2002). Under plain error review, the burden is on the defendant to establish: (1) error, (2) that is plain, (3) that affects substantial rights, and (4) that "seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005). An error is plain if it is contrary to an intervening decision of this Court or the Supreme Court that is squarely on point. United States v. Pielago, 135 F.3d 703, 711 (11th Cir. 1998). A defendant's substantial rights are affected if there is a reasonable probability that the error affected the outcome of the proceedings. Rodriguez, 398 F.3d at 1299.

"A plea agreement is, in essence, a contract between the Government and a criminal defendant."  United States v. Howle, 166 F.3d 1166, 1168 (11th Cir. 1999).  Accordingly, the government is bound to any material promises made to induce the defendant to plead guilty.  United States v. Thomas, 487 F.3d 1358, 1360 (11th Cir. 2007).  "If the parties dispute the meaning of the agreement, we interpret the terms of the plea agreement based on objective standards." Id.  A plea agreement's unambiguous meaning controls, United States v. Copeland, 381 F.3d 1101, 1106 (11th Cir. 2004), and implied obligations not agreed to by the parties will not be inferred, see United States v. Benchimol, 471 U.S. 453, 455 (1985) ("[O]ur view of Rule 11(e) is that it speaks in terms of what the parties in fact agree to, and does not suggest that . . . implied-in-law terms [be] read into [a plea] agreement. . . .").

In this case, the government did not violate the plea agreement, so Brown's claim falters at the first step of plain error review.  As the record shows, the express terms of the agreement are clear,[1] and the government abided by them.

---

[1] In the plea agreement, the government promised, in the absence of adverse information received beforehand, to recommend to the sentencing court that Brown receive up to a three-level "downward adjustment for acceptance of responsibility," pursuant to U.S.S.G. § 3E1.1(a),(b).  The plea agreement provided, however, that ultimate qualification for the adjustment was to be determined exclusively by the government.  Next, Brown agreed to cooperate with government investigators, and in exchange, the government agreed

> to consider whether such cooperation qualifies as "substantial assistance" warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to U.S.S.G.

3

First, it recommended a three-level downward adjustment based on Brown's acceptance of responsibility, which was incorporated into the PSI and later adopted by the district court.  Second, it moved for a downward departure for substantial assistance.  This much Brown does not dispute, and the plain, unambiguous terms of the plea agreement required no more.  Indeed, Brown himself concedes that the government did not breach any express obligations.

It is true, as Brown argues and the district court acknowledged, that operation of the statutory enhancement deprived him of any sentencing benefit from his acceptance of responsibility, but he has pointed to no case law from this Circuit or the Supreme Court requiring that the government insist on a different result.  Thus, even if the government's failure to advocate for a post-enhancement departure was error, it was not plainly so.  Finally, the district court explained that, notwithstanding its uncertainty regarding the guideline calculation, the sentence imposed was ultimately justified in light of the § 3553(a) factors; therefore, Brown cannot show any impairment of his substantial rights.

**AFFIRMED.**

---

§ 5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 USC § 3553(e), or (3) both.

The plea agreement further provided that the propriety of a substantial assistance departure was a matter left solely to the government's discretion. Notwithstanding the above, the agreement also noted at the outset that Brown was subject to a mandatory minimum prison term of 10 years due to a prior state drug conviction.

4