[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11895
Non-Argument Calendar
_____

D.C. Docket No. 6:13-cr-00234-GAP-KRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PEDRO PETE BENEVIDES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 27, 2016)

Before WILSON, WILLIAM PRYOR and ROSENBAUM, Circuit Judges.

PER CURIAM:

Pedro Benevides appeals his sentence of 108 months of imprisonment that was imposed after he pleaded guilty to conspiring to commit bank fraud. 18 U.S.C. § 1349. Benevides argues that the government breached the plea agreement by opposing his requests for a two-level reduction based on acceptance of responsibility, *see* United States Sentencing Guidelines Manual § 3E1.1(a) (Nov. 2014), and for a sentence at the low end of his applicable guideline range. In the written agreement, the government reserved the right to oppose Benevides's requests if "any adverse information is received suggesting such a recommendation to be unwarranted," and after he signed the agreement, Benevides falsely denied using other inmates' prisoner numbers to communicate with a cohort and to continue his fraudulent financial activities. Because the government did not breach the plea agreement, we affirm Benevides's sentence.

On July 14, 2014, Benevides executed a written agreement to plead guilty to one count of conspiracy to commit bank fraud in exchange for the dismissal of the other eighteen charges relating to his use of shell companies to fraudulently obtain loans, mortgages, and lines of credit that exceeded $44 million. Paragraph eight of the agreement stated, "At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to . . . receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG

2

§ 3E1.1(a)." Paragraph ten of the agreement stated, "At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to . . . receive a sentence at the low end of the applicable guideline range, as calculated by the Court." In another paragraph entitled Sentencing Information, the government "reserve[d] its right and obligation to report to the Court and the United States Probation Office all information concerning [Benevides's] background, character, and conduct . . ., to provide relevant factual information, including the totality of [his] criminal activities," and "to make any recommendations it deems appropriate regarding the disposition of [Benevides's] case, subject to any limitations set forth" in the agreement.

During an interview on September 16, 2014, Benevides falsely denied that he had continued to engage in fraudulent real estate activities, but eventually he confessed after being presented with evidence of his misdeeds. Federal agents had amassed evidence that, after Benevides's arrest but before he signed the plea agreement, he used other inmates' prisoner inmate numbers to make telephone calls to solicit investors in a company that he controlled through a straw owner. After signing the plea agreement, Benevides continued to make telephone calls to solicit investors and to discuss other financial transactions. In addition, Benevides

began mailing letters in other inmates' names to prospective investors and to a woman whose assistance he sought in his fraudulent activities.

We review *de novo* whether the government breached the plea agreement. *United States v. Thomas*, 487 F.3d 1358, 1360 (11th Cir. 2007). "Whether the government violated the agreement is judged according to the defendant's reasonable understanding of the agreement when he entered the plea." *Id.* "[W]e interpret the terms of the plea agreement based on objective standards." *Id.*

The government did not breach the plea agreement. The government was relieved of its obligation to stand mute about Benevides's request for a two-level reduction because his conduct was inconsistent with an acceptance of responsibility. *See generally United States v. Mahique*, 150 F.3d 1330, 1332 (11th Cir. 1998) (government did not breach its agreement not to oppose a reduction based on the acceptance of responsibility when the defendant failed to make a full and accurate disclosure of his relevant conduct). After lying to federal agents, Benevides was not entitled to a "reduction [that] is intended to reward . . . contrition for . . . wrongdoing and . . . a desire to reform . . . conduct," *United States v. Williams*, 627 F.3d 839, 844 (11th Cir. 2010). And Benevides's deceptiveness "suggest[ed] [that] a recommendation for [a sentence at the low end of his sentencing range was] unwarranted." Benevides's misconduct evidenced that a low-end sentence would not "promote respect for the law" or "provide adequate

4

deterrence" against or "protect the public" from future similar crimes. *See* 18

U.S.C. § 3553(a). The actions of the government were consistent with the terms of

the plea agreement.

We **AFFIRM** Benevides's sentence.