[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15048
Non-Argument Calendar
_____

D.C. Docket No. 2:17-cr-00077-SPC-MRM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TWASKI JACKSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 3, 2018)

Before WILLIAM PRYOR, JULIE CARNES, and ANDERSON, Circuit Judges.

PER CURIAM:

Defendant Twaski Jackson appeals his 10-month sentence, imposed after pleading guilty to two counts of theft from programs receiving federal funds.  On appeal, Defendant argues that the Government breached his plea agreement by failing to recommend that he receive a term of supervised release at the low end of the guideline range.  After careful review, we affirm.

## I.    BACKGROUND

Defendant held the position of Director of Client Services for the Housing Authority City of Fort Myers and Lee County Housing Authority.  An investigation in 2016 revealed that Defendant had used agency credit cards for personal expenses without permission between 2013 and 2016.  He also received kickbacks from approving check payments to a vendor for work that was not performed.  Defendant's conduct resulted in a total loss of $86,766.30.

In July 2017, Defendant was charged by way of an information with two counts of theft from programs receiving federal funds, in violation of 18 U.S.C. § 666(a)(1)(A).  Defendant later pled guilty to both counts pursuant to a written plea agreement.  As relevant to this appeal, the plea agreement stated:

> At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a sentence at the low end of the applicable guideline range, as calculated by the Court.  The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw the plea.

2

In preparation for sentencing, the probation officer prepared a Presentence Investigation Report (PSR).  The PSR assigned Defendant a base offense level of 6, pursuant to U.S.S.G. § 2B1.1(a)(2).  Defendant received a six-level enhancement under § 2B1.1(b)(1)(D) because the offense resulted in a loss of more than $40,000 but less than $95,000.  He also received a two-level adjustment because he abused a position of public trust under U.S.S.G. § 3B1.3.  With a two-level reduction for acceptance of responsibility, Defendant's total offense level was 12.  Based on a total offense level of 12 and a criminal history category of I, Defendant's guideline range was 10 to 16 months' imprisonment.  The guideline range for the term of supervised release was one to three years.

At the sentencing hearing, the district court adopted the factual statements of the PSR without objection and confirmed that the guideline range was 10 to 16 months' imprisonment and 1 to 3 years of supervised release.  Defendant requested a sentence of credit for time served, 1 to 3 years of supervised release, and 250 hours of community service.  The Government recommended "a prison term of ten months, which is the low end of the guidelines."  The Government also sought two years of supervised release.

Although acknowledging Defendant's military service, community service, family support, and education, the court emphasized that Defendant stole money from the public that was meant for individuals who truly needed it.  After

3

considering the 18 U.S.C. § 3553(a) factors, the district court sentenced Defendant to 10 months' imprisonment and three years of supervised release. Defendant did not raise any objections. This appeal followed.

## II.    DISCUSSION

We generally review *de novo* whether the Government breached a plea agreement. *United States v. De La Garza*, 516 F.3d 1266, 1269 (11th Cir. 2008). However, because Defendant raises this argument for the first time on appeal, our review is limited to plain error. *Id.* To establish plain error, there must be "(1) an error (2) that is plain and (3) that has affected the defendant's substantial rights; and if the first three prongs are met, then a court may exercise its discretion to correct the error if (4) the error 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Madden*, 733 F.3d 1314, 1320 (11th Cir. 2013) (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)).

When determining whether the Government breached the plea agreement, we must first "determine the scope of the government's promises." *United States v. Copeland*, 381 F.3d 1101, 1105 (11th Cir. 2004). "The government is bound by any material promises [that] it makes to a defendant as part of a plea agreement that induces [a] defendant to plead guilty." *United States v. Horsfall*, 552 F.3d 1275, 1281 (11th Cir. 2008) (quotations omitted). "Whether the government violated the agreement is judged according to the defendant's reasonable

4

understanding of the agreement when he entered the plea." *United States v. Thomas*, 487 F.3d 1358, 1360 (11th Cir. 2007).

In the present case, Defendant cannot establish that the Government's alleged breach of the plea agreement constituted plain error.[1]  In order for an error to be plain, it must be "clear or obvious, rather than subject to reasonable dispute." *Puckett v. United States*, 556 U.S. 129, 135 (2009).  In the context of plea agreement breaches, the Supreme Court has advised that "'not all breaches will be clear or obvious,' such as when the drafting of an agreement leaves the scope of the government's commitments open to doubt." *United States v. Sosa*, 782 F.3d 630, 637 (11th Cir. 2015) (quoting *Puckett*, 556 U.S. at 143) (alteration accepted).

Defendant's plea agreement stated that the Government "will recommend to the Court that the defendant receive a sentence at the low end of the applicable guideline range, as calculated by the" district court.  At sentencing, the Government recommended that Defendant receive a 10-month imprisonment sentence, which was the low end of the guideline range of 10 to 16 months' imprisonment.  Defendant nevertheless asserts that the Government breached the agreement by not recommending a supervised-release term at the low-end of the

---

[1]  The sentence appeal waiver in Defendant's plea agreement does not bar him from arguing on appeal that the Government breached the plea agreement.  *See Copeland*, 381 F.3d at 1104–05 (concluding that an appeal waiver did not foreclose the defendant's appeal on the ground that the Government breached the plea agreement).

guideline range.  Indeed, the Government recommended a two-year term of supervised release, and the guideline range was one to three years.

Even if Defendant could establish that the Government committed error by not recommending a one-year term of supervised release, he cannot show that the error was plain because it is not "clear or obvious" that the provision of the plea agreement stating that the Government agreed to recommend a sentence at the "low end of the guideline range" applied to anything other than the term of imprisonment.  *See Puckett*, 556 U.S. at 135.  Defendant has pointed to no binding precedent interpreting a plea agreement provision—which provides that the Government will recommend a sentence at the low end of the guideline range—as applying to the term of supervised release.  Nor have we found any case law holding that the Government breaches a plea agreement under the circumstances presented here—where the Government recommended an imprisonment term at the low end of the guideline range but did not do so for the term of supervised release. Because it is not clear under current law that the Government breached the plea agreement by not recommending a one-year term of supervised release, Defendant cannot establish error that is plain.  *See United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003) ("It is the law of this circuit that, at least where the explicit language of a statute or rule does not specifically resolve an issue, there

6

can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it.").

Nevertheless, even if Defendant could show that the Government plainly breached the plea agreement, Defendant cannot meet the third prong of the plain-error test. To satisfy the third prong of plain-error review, "the error must have affected the outcome of the district court proceedings." *United States v. Rodriguez*, 398 F.3d 1291, 1299 (11th Cir. 2005) (quotations omitted). When considering whether a defendant has shown that his substantial rights were affected by an alleged breach of the plea agreement, this Court considers whether the defendant's sentence was affected by the breach. *Puckett*, 556 U.S. at 142 n.4.

Defendant cannot show that his sentence would have been different if the Government had recommended a one-year term of supervised release. *See Rodriguez*, 398 F.3d at 1299 ("This burden of showing prejudice to meet the third-prong requirement is anything but easy."). For starters, Defendant requested a term of supervised release between one and three years. But more importantly, the Government recommended a two-year term of supervised release and stated that Defendant's "record doesn't seem to suggest somebody that will need a lot of supervision once he is released from prison." Despite the Government's recommendation, the district court still imposed the maximum three-year term of supervised release. The record shows that the district court was aware of the

7

Government's recommendation but deliberately imposed a longer term of supervised release based on its analysis of all the relevant materials, including Defendant's personal history and the nature and circumstances of the crime. Under these circumstances, it is at most unclear whether the district court would have imposed a lesser term of supervised release if the Government had recommended a one-year term. Defendant therefore cannot show that the error affected his substantial rights. *See Rodriguez*, 398 F.3d at 1301 ("[W]here the effect of an error on the result in the district court is uncertain or indeterminate—where we would have to speculate—the appellant has not met his burden of showing a reasonable probability that the result would have been different but for the error.").

Accordingly, Defendant's sentence is **AFFIRMED**.