[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-15084
Non-Argument Calendar
_____

D.C. Docket No. 0:19-cr-60127-RKA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEBORAH THOMAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 29, 2020)

Before NEWSOM, LAGOA, and BLACK, Circuit Judges.

PER CURIAM:

Deborah Thomas appeals her 108-month sentence for 3 counts of wire fraud. Thomas argues the government breached the plea agreement by failing to recommend and objecting to a two-level reduction for acceptance of responsibility. After review,[1] we vacate and remand for resentencing.

We have stated a plea agreement "is, in essence, a contract between the Government and a criminal defendant." *United States v. Howle*, 166 F.3d 1166, 1168 (11th Cir. 1999). A plea agreement must be construed considering the fact that it constitutes a waiver of substantial constitutional rights requiring that the defendant be adequately warned of the consequences of the plea. *United States v. Jefferies*, 908 F.2d 1520, 1523 (11th Cir. 1990). The government's material promise, which induces a defendant to plead guilty, binds the government to that promise. *United States v. Thomas*, 487 F.3d 1358, 1360 (11th Cir. 2007). Whether the government violated the agreement is judged according to the defendant's reasonable understanding at the time of the entry of the plea. *United States v. Hunter*, 835 F.3d 1320, 1324 (11th Cir. 2016). We apply an objective standard to decide whether the government's actions were inconsistent with the defendant's understanding of the plea agreement, rather than reading the agreement in a hyper-technical or rigidly literal manner. *Id.*

---

[1] We review *de novo* whether the government breached the plea agreement. *United States v. Copeland*, 381 F.3d 1101, 1104 (11th Cir. 2004).

2

In *Hunter*, the defendant agreed, in a nearly identical plea agreement to this case, to plead guilty to all four charges in exchange for the government's recommendation at sentencing for a two-level reduction and, if eligible, for the government's motion for a one-level reduction for acceptance of responsibility. *Hunter*, 835 F.3d at 1323–25.  The government refused to make the recommendation and argued against the reduction at sentencing, arguing on appeal that it was excused from making the recommendation because of the defendant's incredible testimony that occurred prior to the negotiation of the plea agreement. *Hunter*, 835 F.3d at 1325–26.  We held this refusal constituted a significant and deliberate breach of the plea agreement and vacated and remanded for resentencing before a different district court judge.  *Id*. at 1328, 1330.

The government breached the plea agreement in Thomas's case.  The plain language of the plea agreement stated the government agreed to recommend the two-level reduction for acceptance of responsibility "pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility."  It further stated the government would make a motion for an additional one-level reduction if her offense level was above 16 because Thomas had assisted authorities in the investigation or prosecution of her own misconduct by timely notifying it of her intention to plead guilty and "will not be required to make this motion" if Thomas,

3

among other things, violated any terms of release.  While the government contends

the "pursuant to" and "based upon" clauses established conditions on its

recommendation for the two-level reduction, the more natural reading of that

language is that the government promised to make that recommendation "based

upon" the fact Thomas had already demonstrated acceptance of responsibility.  It

did not specify any ongoing obligations by Thomas to warrant this

recommendation.  In contrast the government included a specific and thorough set

of conditions on its agreement to move for the one-level reduction under

§ 3E1.1(b).  *Hunter*, 835 F.3d at 1324.

　　While the government argued these conditions applied to its

recommendations on both the two-level and one-level reductions, the plea

agreement explicitly stated the government would be relieved of its obligation "to

make this motion" if Thomas did not satisfy certain conditions, and the

government was only required to make a "motion" for the one-level reduction

under § 3E1.1(b).  Moreover, though Thomas's violation of her bond conditions

would appear to bear more on her clear acceptance of responsibility under

§ 3E1.1(a) than her assistance to the government in prosecuting her case under

§ 3E1.1(b), the plea agreement the parties constructed explicitly placed these

conditions on the motion for an additional one-level reduction.  And, to the extent

that these provisions in the plea agreement are ambiguous, they must be read

4

against the government. *See Jeffries*, 908 F.2d at 1523 (stating a plea agreement that is ambiguous must be read against the government).

Accordingly, the government's refusal to recommend the two-level reduction was objectively inconsistent with Thomas's reasonable understanding of the plea agreement based on the plain language of the plea agreement. *Id.* Thus, the government breached the plea agreement by refusing to make the recommendation for a two-level reduction for acceptance of responsibility.

When a breach of the plea agreement is established, automatic reversal is warranted. *Hunter*, 835 F.3d at 1328–29. There "are two remedies available when a plea agreement is breached: (1) remand the case for resentencing according to the terms of the agreement before a different judge or (2) permit the withdrawal of the guilty plea." *Id*. at 1329 (quotations omitted). The choice between the two remedies is within our discretion, although withdrawal of the plea is less favored. *Id.* In the event of the government's breach of a plea bargain for failing to recommend an acceptance of responsibility reduction, we have remanded for resentencing before a different district court judge, "not due to lack of trust in the original sentencing judge's capacity for fairness, but to reestablish the trust between the defendant and the government that is essential to the plea bargaining process." *Id*. at 1330.

5

Thomas's request that her resentencing be before a different district court judge is supported by *Hunter*. Accordingly, we vacate and remand for resentencing before a different district court judge, in which the government complies with its obligations under the plea agreement.[2]

**VACATED AND REMANDED.**

---

[2] Because we vacate and remand for resentencing, we need not address Thomas's argument that the district court's denial of the two-level reduction was erroneous because it was not adequately supported by the testimony at sentencing.