[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  17-15613
Non-Argument Calendar

_____

D.C. Docket No. 8:13-cr-00496-EAK-JSS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EVERETT J. TAYLOR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 10, 2021)

Before: WILSON, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

In June 2017, Everett Taylor agreed to plead guilty to theft of government property, in violation of 18 U.S.C. § 641, and aggravated identity theft, in violation of 18 U.S.C. § 1028A.  In return, the government agreed to (1) dismiss the remaining counts of his indictment, (2) not charge him with any other known offenses related to the conduct giving rise to the plea agreement, and (3) recommend that Taylor be sentenced within his applicable guideline range.

Under a section of the plea agreement titled "Forfeiture of Assets," Taylor agreed that, if the district court determined that he had breached that section of the agreement, he "may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility for an obstruction of justice enhancement."  Additionally, the plea agreement contains an appeal-waiver provision, which prevents him from appealing his sentence absent one of the following circumstances: (1) his sentence exceeds his applicable guideline range as determined by the court using the Sentencing Guidelines, (2) his sentence exceeds the statutory maximum penalty, (3) his sentence violates the Eighth Amendment, or (4) if the government appeals, he could appeal.

Taylor and his trial counsel confirmed that Taylor understood the terms of his plea agreement, and confirmed that the plea agreement formed the sole basis for his plea.  The district court accepted Taylor's guilty plea.  Shortly thereafter, the probation officer prepared a presentence investigation report (PSI).  The PSI

2

reported that Taylor has been arrested for providing a false name and date of birth, and resisting an officer's attempt to handcuff him. Consequently, the PSI increased Taylor's base-offense level by 2 points for obstruction of justice. The PSI also reduced his offense level for acceptance of responsibility, to which the government objected. At sentencing, the district court heard from both parties. The government requested that Taylor be sentenced to 78 months' and 24 months' imprisonment for his respective convictions, for a total of 102 months imprisonment—a sentence at the bottom of his applicable guidelines range. The district court adopted the government's recommendation and sentenced Taylor to serve 102 months' imprisonment.

Taylor appeals his convictions and total sentence. He argues that the government breached an implicit promise in its plea agreement by objecting to the offense-level reduction for acceptance of responsibility and failing to object to the offense-level enhancement for obstruction of justice, and therefore asks to withdraw his guilty plea. He also raises various challenges to his sentence. The government moves for summary dismissal of Taylor's breach-of-plea challenge. It also moves to enforce the appeal-waiver provision of his plea agreement with respect to Taylor's challenges to his sentence.

First, we grant the government's motion for summary disposition as to Taylor's breach-of-plea argument. We review de novo whether the government

has breached a plea agreement. *United States v. De La Garza*, 516 F.3d 1266, 1269 (11th Cir. 2008). However, where a defendant argues that the government breached his plea agreement for the first time on appeal, we review for plain error only. *Id.* To show plain error, a party must show that (1) there was an error, (2) that was plain, (3) that affected his substantial rights, and (4) that "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." *Id.* Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]

Plea agreements "are like contracts and should be interpreted in accord with what the parties intended." *United States v. Rubbo*, 396 F.3d 1330, 1334 (11th Cir. 2005). A plea agreement's unambiguous meaning controls. *United States v. Copeland*, 381 F.3d 1101, 1106 (11th Cir. 2004). We do not infer obligations not agreed to by the parties. *See United States v. Benchimol*, 471 U.S. 453, 455 (1985) (per curiam) (determining that, by agreeing simply to recommend a particular

---

[1] *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (holding that all decisions of the "old Fifth" Circuit handed down prior to the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit).

sentence, the government did not also implicitly agree to "enthusiastically" recommend a particular sentence or explain its reasons for recommending a sentence). "If the parties dispute the meaning of the agreement, we interpret the terms of the plea agreement based on objective standards." *United States v. Thomas*, 487 F.3d 1358, 1360 (11th Cir. 2007) (per curiam). The government is bound to any material promises that it makes to induce the defendant to plead guilty. *Id.* at 1360. To evaluate whether the government breached a plea agreement, we must "determine the scope of the government's promises and ask whether the government's actions were inconsistent with what the defendant reasonably understood when he entered his guilty plea." *United States v. Sosa*, 782 F.3d 630, 637 (11th Cir. 2015) (per curiam) (alteration adopted and internal quotation marks omitted).

Summary disposition is appropriate here because there is no substantial question as to whether the government breached Taylor's plea agreement. *See Groendyke Transp., Inc.*, 406 F.2d at 1162. The unambiguous language of Taylor's plea agreement bound the government only to recommend a sentence within the guideline imprisonment range as it was determined by the district court. *Copeland*, 381 F.3d at 1106. The government fulfilled its promise by recommending a sentence that was on the low end of Taylor's guideline range and was required by statute.

5

The provision of the plea agreement that stated that Taylor "may be found ineligible" for an offense-level reduction for acceptance of responsibility and "may be eligible" for an offense-level enhancement for obstruction of justice if he breached the section of the agreement regarding forfeiture did not create an implied obligation on the part of the government. *See Benchimol*, 471 U.S. at 455. That provision did not use language that indicated that the government was bound to make any recommendation or objection as to Taylor's sentence. *Thomas*, 487 F.3d at 1360. Rather, it described the sentencing consequences of Taylor's failure to forfeit certain assets, which is not tantamount to an affirmative promise to make a sentencing recommendation. Thus, the government's adherence to the plea agreement does not evidence error, let alone plain error.

We also grant the government's motion to dismiss Taylor's challenges to his sentence pursuant to the appeal-waiver provision in his plea agreement. Whether a defendant waived his right to appeal is a question of law that we revie de novo. *United States v. Bushert*, 997 F.2d 1343, 1352 (11th Cir. 1993). A sentence-appeal waiver is enforceable if it was made knowingly and voluntarily. *Id.* at 1350. To establish that the waiver was made knowingly and voluntarily, the government must show either that (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Id.* at 1351.

6

"An appeal waiver includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error." *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005) (per curiam).  We presume that the statements made during a plea colloquy are true.  *See United States v. Castro*, 736 F.3d 1308,1314 (11th Cir. 2013) (per curiam).

The record demonstrates that Taylor knowingly and voluntarily waived his right to appeal his sentence. The magistrate judge went over the waiver provision and its exceptions during the plea colloquy, and Taylor confirmed that he understood the appeal waiver, had discussed it with counsel, did not have any questions, and was freely and voluntarily giving up his right to appeal his sentence unless any of the four limited exceptions applied.  Further, none of the exceptions to the appeal waiver apply to this appeal.

Therefore, we GRANT the government's motion for summary disposition with respect to Taylor's breach-of-plea challenge.  In addition, we GRANT the government's motion to dismiss Taylor's challenges to his sentence pursuant to the appeal waiver in his plea agreement.