[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 23-10143

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

BRITTANY SMITH,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:21-cr-00063-MTT-CHW-4

————————————————

Before Newsom, Abudu, and Marcus, Circuit Judges.

PER CURIAM:

Brittany Smith appeals her sentence of 135 months' imprisonment for possession of more than 5 grams of methamphetamine with intent to distribute. On appeal, Smith argues that: (1) the government breached the plea agreement by failing to advocate for an acceptance-of-responsibility reduction at sentencing; (2) the court erred in denying the acceptance-of-responsibility reduction by treating her failed drug tests as an outright ban to a reduction; and (3) the court improperly imposed a sentence harsher than those imposed on her codefendants. After careful review, we affirm.

## I.

Ordinarily, we review *de novo* whether the government has breached a plea agreement. *United States v. Malone*, 51 F.4th 1311, 1318 (11th Cir. 2022). Where, however, a defendant fails to object before the district court that the government breached a plea agreement, we review for plain error. *Id.* To establish plain error, the defendant must show (1) an error, (2) that is plain, and (3) that affected his substantial rights. *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007). If the defendant satisfies these conditions, we may exercise our discretion to recognize the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* A plain breach of the plea agreement can be shown from the plain language of the agreement itself. *See Malone*, 51 F.4th at 1320–21. Otherwise, there must be binding precedent

directly resolving an issue to establish that an error was plain. *United States v. Hesser*, 800 F.3d 1310, 1325 (11th Cir. 2015). A defendant's substantial rights are affected if the error "affected the outcome of the district court proceedings," which requires the defendant to show a "reasonable probability" that his sentence would be different. *United States v. Rodriguez*, 398 F.3d 1291, 1299 (11th Cir. 2005). "[W]here the effect of an error on the result in the district court is uncertain or indeterminate -- where we would have to speculate -- the appellant has not met his burden." *Id.* at 1301. Put differently, "where the record does not provide any indication that there would have been a different sentence" absent the error, "the party with the burden of showing a reasonable probability of a different result loses." *Id.* at 1304 (quotations omitted).

We review a district court's denial of an acceptance-of-responsibility adjustment under U.S.S.G. § 3E1.1 for clear error. *United States v. Tejas*, 868 F.3d 1242, 1247 (11th Cir. 2017). We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 351 (2007)).

## II.

First, we are unpersuaded by Smith's claim that the government breached its plea agreement by failing to advocate for an acceptance-of-responsibility reduction at sentencing. The Sentencing Guidelines provide that a defendant's offense level should be decreased by two levels if she "clearly demonstrates acceptance of

responsibility for his offense." U.S.S.G. § 3E1.1(a). A defendant's offense level may be further decreased by one level if the offense level determined prior to the subsection (a) decrease is 16 or greater and the government files a motion stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of her intention to enter a plea of guilty. *Id.* § 3E1.1(b).

A material promise set out in a plea agreement, which induces a defendant to plead guilty, binds the government to that promise. *United States v. Thomas*, 487 F.3d 1358, 1360 (11th Cir. 2007). The government breaches a plea agreement when it fails to perform the promises on which the plea was based. *United States v. Hunter*, 835 F.3d 1320, 1324 (11th Cir. 2016). In *Hunter*, we explained that the government cannot avoid fulfilling the terms of the plea agreement based solely on facts of which it was aware prior to entering the agreement, noting that "[s]uch a practice would render the government's promise to recommend the reduction illusory and defy a defendant's reasonable understanding of the plea agreement." *Id.* at 1326.

To evaluate the scope of the government's promises, we ask whether the government's conduct conflicted with the defendant's reasonable understanding of the government's promises when he entered his guilty plea. *Malone*, 51 F.4th at 1319. In *Malone*, we held that the government breached the plea agreement where it agreed not to argue against a reduction unless the defendant manifested a lack of acceptance of responsibility between entry of the plea and

sentencing and then affirmatively argued against a reduction for acceptance of responsibility based on the defendant's pre-plea criminal conduct. *Id.* at 1320–21. We also concluded that the error affected the defendant's substantial rights because the provision in the plea agreement was material and the district court expressly stated that it relied in part on the government's argument when denying the defendant the reduction. *Id.* at 1321.

Here, because Smith did not object in the district court to the government's alleged breach -- its failure to recommend an acceptance-of-responsibility reduction -- we review her claim for plain error, and we can find none. As the record reflects, the government agreed in the plea agreement that if Smith "affirmatively manifests an acceptance of responsibility," then it would "recommend to the Court that the Defendant receive an appropriate downward departure for such acceptance." It also "expressly reserve[d] its right to furnish to the Court information, if any, showing that the Defendant ha[d] not accepted responsibility." Later, at sentencing, the government did not make the recommendation, staying silent on the issue, and both parties admitted that Smith had failed several drug tests while on pre-trial release.

Based on the language in the plea agreement, the government was not plainly obligated to recommend an acceptance-of-responsibility reduction in light of Smith's failed drug tests, which were inconsistent with an acceptance of responsibility for her drug charges. As for whether the government improperly declined to make a recommendation based on facts occurring *before* it entered

into the plea agreement of which it was aware, *Hunter*, 835 F.3d at 1326, the record indicates that the prosecutor did not know about the failed drug tests before entering into the plea agreement.  And although the parties later amended the plea agreement, it was only amended to stipulate to a drug amount that lowered Smith's guidelines range, and no other changes were contemplated.  We are unable to say, on this record, that the government plainly breached the plea agreement when it declined to recommend the reduction.

But, in any event, even if the government had plainly breached the plea agreement, Smith has not shown a reasonable probability that her sentence would be different.  *Rodriguez*, 398 F.3d at 1299.  To the contrary, the district court likely would have denied the acceptance-of-responsibility reduction even if the government had advocated for it.  This is especially true in light of the court's comment -- following Smith's argument as to why the reduction was warranted -- that: "I might could excuse and understand one [failed drug test], but several is a classic case that calls for not giving a defendant the benefit of acceptance of responsibility." Further, this statement from the court -- which did not at all appear to rely on any argument from the government, much less to give any weight to the government's silence -- makes this case unlike *Malone*, wherein the court said that it had relied on the government's argument against a reduction in issuing its denial.  51 F.4th at 1321.  For these reasons, Smith has not established a reasonable probability that her sentence would have been different but for the government's alleged breach, and, thus, we affirm as to her claim that the government plainly breached the plea agreement.

### III.

We similarly are unconvinced by Smith's argument that the district court erred in denying a reduction based on acceptance of responsibility. Because the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility, the determination of the sentencing judge is "entitled to great deference on review." U.S.S.G. § 3E1.1, comment. (n.5). The district court's decision on acceptance of responsibility will not be overturned unless the facts in the record clearly establish that the defendant actually accepted personal responsibility. *United States v. Sawyer*, 180 F.3d 1319, 1323 (11th Cir. 1999). The defendant bears the burden of proving she clearly accepted responsibility. *Id.*

A defendant who enters a guilty plea is not entitled to an acceptance-of-responsibility reduction as a matter of right. U.S.S.G. § 3E1.1, comment. (n.3). Rather, while a guilty plea and truthful admission of the conduct comprising the offense of conviction is significant evidence of acceptance of responsibility, it may be outweighed by other conduct that is inconsistent with acceptance of responsibility. *Id.* The commentary provides a non-exhaustive list of factors to be considered when deciding if a defendant accepted responsibility, including voluntarily termination or withdrawal from criminal conduct of associations, post-offense rehabilitative efforts, and the timeliness of her acceptance of responsibility. *Id.* § 3E1.1, comment. (n.1). Ultimately, § 3E1.1 "is intended to reward those defendants who affirmatively acknowledge their crimes and express genuine remorse for the harm caused by

their actions." *United States v. Carroll*, 6 F.3d 735, 740 (11th Cir. 1993).

In *Mathews*, we said that a district court may consider a broad range of evidence when considering whether to grant an acceptance-of-responsibility reduction, "including whether the defendant has voluntarily withdrawn from criminal conduct." *United States v. Mathews*, 874 F.3d 698, 709 (11th Cir. 2017). We specified that "[a] district court does not err in denying the reduction if it concludes that a defendant's drug use after his arrest shows that he has not accepted responsibility and turned away from the lifestyle that motivated his offense." *Id.* However, we also noted that a court errs if it believes that it does not have the *authority* to grant such a downward reduction. *Id.* We concluded that the district court erred by erroneously believing that a failed drug test meant that, as a matter of law, it lacked the authority to grant the appellant an acceptance-of-responsibility reduction. *Id.* at 709–10.

Here, the district court did not err in declining to grant Smith a reduction for acceptance of responsibility because it did not clearly err in finding that her four failed drug tests while on pretrial release indicated that she had not withdrawn from criminal conduct. For starters, the record reflects that in making its decision, the district court solicited arguments from Smith and the government, both of whom agreed that her failed tests occurred before she entered her plea, and Smith argued that her failed drug tests were due to her drug addiction, a factor the court expressly considered. What's more, the court did not treat the fact that Smith had

failed a drug test as depriving it of the authority to impose an acceptance-of-responsibility reduction. Rather, as we've noted, the court said that a reduction still may have been warranted if she'd failed one test, but not in this case where she'd failed several tests.

On this record, the court's decision to deny Smith the reduction comported with *Mathews*. There, we recognized that district courts have wide discretion over whether to grant a reduction and that a district court does not err in denying the reduction based on a finding that a defendant's post-arrest drug use shows that she has not accepted responsibility and turned away from the lifestyle that motivated her offense. *See id.* Here, the district court never indicated that it lacked the authority to grant the reduction, and instead weighed that she had not only failed one drug test, but *several* drug tests, in determining that she had not fully accepted responsibility for her criminal conduct. Accordingly, we affirm the district court's decision as to this issue as well.

## IV.

Finally, we do not agree with Smith's claim that the district court substantively erred in imposing her sentence. In reviewing the "'substantive reasonableness of [a] sentence imposed under an abuse-of-discretion standard,'" we consider the "'totality of the circumstances.'" *Pugh*, 515 F.3d at 1190 (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). The district court must impose a sentence "sufficient, but not greater than necessary to comply with the

purposes" listed in 18 U.S.C. § 3553(a).[1]    The court must consider all of the § 3553(a) factors, but it may give greater weight to some factors over others -- a decision which is within its sound discretion. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). The district court is not required to discuss each of the § 3553(a) factors, and an acknowledgement that it has considered the § 3553(a) factors will suffice.  *United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007).

However, a sentence may be substantively unreasonable when a court unjustifiably relies on any single § 3553(a) factor, fails to consider pertinent § 3553(a) factors, bases the sentence on impermissible factors, or selects the sentence arbitrarily.  *Pugh*, 515 F.3d at 1191–92.  A sentence that suffers from one of these symptoms is not *per se* unreasonable; rather, we must examine the totality of the circumstances to determine the sentence's reasonableness.  *Id*. at 1192.  "[W]e will not second guess the weight (or lack thereof) that the [court] accorded to a given [§ 3553(a)] factor . . . as long as the sentence ultimately imposed is reasonable in light of

---

[1]      The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

all the circumstances presented." *United States v. Snipes*, 611 F.3d 855, 872 (11th Cir. 2010) (quotations, alteration and emphasis omitted).  We will vacate a sentence only if we are left with the "definite and firm" conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that is outside the range of reasonable sentences dictated by the facts of the case.  *Pugh*, 515 F.3d at 1191.

Specifically, when considering the need to avoid unwarranted sentence disparities among defendants who have been found guilty of similar conduct under 18 U.S.C. § 3553(a)(6), we first consider whether the defendant is similarly situated to the defendants to whom she compares herself.  *United States v. Duperval*, 777 F.3d 1324, 1338 (11th Cir. 2015).  "[T]here can be no unwarranted sentencing disparities among codefendants who are not similarly situated."  *United States v. Azmat*, 805 F.3d 1018, 1048 (11th Cir. 2015) (quotations omitted).

The party challenging the sentence bears the burden of demonstrating that the sentence is unreasonable in light of the record, the factors listed in 18 U.S.C. § 3553(a), and the substantial deference afforded sentencing courts.  *Rosales-Bruno*, 789 F.3d at 1256.  An indicator of a reasonable sentence is one that is well below the statutory maximum for the crime.  *United States v. Dougherty*, 754 F.3d 1353, 1364 (11th Cir. 2014).  We also ordinarily expect that a sentence within the guideline range is reasonable.  *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

Here, Smith's primary argument is that her 135-month sentence is unreasonable because there were unwarranted disparities between her sentence and the lower sentences that the district court subsequently imposed on other codefendants. However, Smith cannot show that they were similarly situated to her because they were convicted of different offenses, received reductions for acceptance of responsibility, and were attributed with different drug quantities. *See Duperval*, 777 F.3d at 1338. As for codefendant Emanuael Ivey, for example, he pled guilty to possession with intent to distribute a different drug -- cocaine rather than methamphetamine -- and a different quantity, and he was granted an acceptance-of-responsibility reduction. As for codefendant Antonio Raines, his offense also involved a different drug -- cocaine base -- and different quantity, and he had a lower criminal history category than Smith did.

In light of these differences, Smith cannot show that the district court committed a clear error of judgment in sentencing her. Moreover, the reasonableness of Smith's sentence is supported by the fact that it was well below the statutory maximum of 40 years and at the low end of the guideline range. *Gonzalez*, 550 F.3d at 1324; *Dougherty*, 754 F.3d at 1364. Accordingly, Smith has not shown that the district court imposed a substantively unreasonable sentence, and we affirm.

**AFFIRMED.**